In re Joseph Daniel SINICROPE, t/a
Sinicrope Construction
Company, Debtor.

Joseph Daniel SINICROPE, Plaintiff,

v.

BLACK DIAMOND SAVINGS & LOAN
ASSOCIATION and Smith Electrical
Contractors, Inc. and George Hunnicutt,
Sr. and A & G Electric Company and
Lawson & Litton Construction Corp. and
Pyro Chimney Systems and Pyrosolar
Industries, Inc. and Rosenwach, Inc. and
W. D. Harless Co., Inc., Defendants.

SMITH ELECTRICAL CONTRACTORS,
INC., A & G Electric Company, W. D.
Harless Company, Inc., Plaintiffs,

v.

George HUNNICUTT, Sr. Black Diamond
Savings & Loan Association,
Defendants.

Bankruptcy No. 7–81–00489.
Adv. Nos. 7–81–0205, 7–81–0263.

United States Bankruptcy Court,
W. D. Virginia,
Big Stone Gap Division.

April 27, 1982.

James E. Nunley, Bristol, Va., for plaintiff/debtor.

H. Ronnie Montgomery, Jonesville, Va., for Smith Elec. Contractors, Inc. and W. D. Harless Co., Inc., defendants and plaintiffs.

Jeffery A. Sturgill, Norton, Va., for Black Diamond Sav. & Loan Assoc., defendant.

Kenneth P. Asbury, Wise, Va., for George Hunnicutt, defendant.

OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether a payment bond surety on a construction con-

tract may be held liable for amounts due and owing subcontractors in excess of the statutory amount payable by the owner. Counsel for the parties to these adversary proceedings submitted the issue for determination on stipulations of facts and briefs.

The debtor in this case, Joseph Daniel Sinicrope, t/a Sinicrope Construction Company (Sinicrope) entered into a contract with Black Diamond Savings and Loan Association (Black Diamond) to build a branch office. Sinicrope, as principal, and George Hunnicutt, Sr. (Hunnicutt), as surety, executed performance and payment bonds in favor of Black Diamond. In the performance bond, Hunnicutt and Sinicrope bound themselves jointly and severally to complete all work required under the contract. The payment bond, executed simultaneously with the performance bond, bound Sinicrope and Hunnicutt, jointly and severally, to Black Diamond as owner, "for the use and benefit of claimants" as defined by the bond. The bond defined claimants to include anyone having a direct contract with the principal (Sinicrope) or with a subcontractor of the principal for labor or materials necessary to complete the construction contract.

Sinicrope began construction of the building, employing several subcontractors to contribute to the project. Black Diamond made periodic payments to Sinicrope in accordance with their contract. Sinicrope, however, failed to pay subcontractors. Before Black Diamond made its final payment, it received notice of filing of mechanics and materials liens against the property. As a result of the lien filings, Black Diamond retained $10,735.55, the amount remaining due under the contract. Liens filed by subcontractors totaled $22,298.86.

Sinicrope, a Chapter 11 debtor in this Court, filed a complaint seeking to avoid the subcontractors' liens and for judgment against Black Diamond in the amount of the retainage (Adversary Proceeding No. 7–81–0205). Three of the lienholding subcontractors filed a complaint for judgment on the payment bond against Black Diamond and the surety, Hunnicutt (Adversary Proceeding No. 7–81–0263). The two proceedings were consolidated, and submitted for decision on stipulations made in open court and briefs. Counsel for the plaintiff subcontractors filed a brief in each action; no other briefs or statements of authority were filed.

The parties stipulated that the subcontractors' liens were timely filed. The issue thus raised is whether the surety is liable under the bond to the subcontractors in the full amount of the liens. Black Diamond's liability on the mechanics liens is limited by statute to the amount of the retainage. Va.Code § 43–7 (1981 repl.vol.). Liens have been filed in excess of twice the amount of the retainage. The subcontractors allege that the surety is liable under the payment bond for the remainder of the lien amount. The surety, Hunnicutt, maintains that his liability is coextensive with that of the owner, and that he is, therefore, not liable if the owner is not.

The bond is written in such a way that Sinicrope and Hunnicutt are bound, jointly and severally, to Black Diamond for any liability arising under the construction contract. Although Black Diamond's liability is limited by statute, the subcontractors argue that they are entitled to payment by either Sinicrope or Hunnicutt, as third party beneficiaries under the payment bond.

 Under Virginia law, if a promise or covenant is made for the benefit of a third party, that party may maintain an action on the promissory instrument in his own name. *See* Va.Code § 55–22 (1981 repl.vol.). The third party must show that the parties to the instrument clearly intended to confer a benefit on him. *Richmond Shopping Center, Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 255 S.E.2d 518, 523 (1979); *Valley Landscaping Co., Inc. v. Rolland*, 218 Va. 257, 237 S.E.2d 120, 122 (1977). The subcontractors in this instance are clearly third party beneficiaries under the bond.

 The terms of the bond further state that qualified claimants that are not paid within 90 days of the completion of their work may sue on the bond, and have

judgment on the bond. In this instance, the principal failed to perform in accordance with his contract when he failed to pay the subcontractors in a timely manner. The surety thus became liable under the bond to pay the claimants. The limitation of the owner's liability to the amount remaining unpaid under the contract in no way affects the liability of the surety. The statutory limitation of the owner's liability is designed to relieve the owner of the possibility of having to make double payment under the contract. *See, In re County Green Ltd., Partnership,* 438 F.Supp. 701, 704 (W.D.Va. 1977), *rev'd on other grounds* 604 F.2d 290 (4th Cir. 1979). The fact that a subcontractor's lien is not secured for an amount in excess of the amount due from the owner does not extinguish the balance of the amount due the subcontractor. The subcontractors are entitled to the full value of the work performed or materials supplied on the project. Either the principal or the surety must make them whole.

For the foregoing reasons, it is hereby

### ORDERED

that the owner, Black Diamond, is liable to the subcontractors in the amount of the retainage on the contract, $10,735.55; that the surety is liable for the balance of the subcontractors' claims. Counsel for Black Diamond and the subcontractors shall prepare and tender an order allocating the funds to mechanics and materials lien creditors.

It is further

### ORDERED

that the surety, Hunnicutt, be given leave to file a proof of claim in this case for any amount to which he is entitled under the principles of indemnity against the debtor within thirty (30) days from this date.