**Karen LEMKE, Plaintiff–Appellant**

v.

**SEARS, ROEBUCK & CO.; Roper Corporation, Defendants–Appellees**

**No. 87–1732.**

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1988.

Decided Aug. 5, 1988.

James J. Kiles, III (John J. McDermott, O'Connor & Hannan, Washington, D.C., on brief), for plaintiff-appellant.

John Llewellyn Hone (Victor I. Weiner, Lipshultz and Hone, Chartered, P.H. Harrington, Jr., Silver Spring, Md., on brief), for defendants-appellees.

Before WINTER, Chief Judge, HALL, Circuit Judge, and MacKENZIE, Senior United States

District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Karen Lemke, plaintiff in a personal injury action brought pursuant to diversity jurisdiction, appeals an order of the district court granting summary judgment in favor of defendants Roper Corporation ("Roper") and Sears, Roebuck & Company ("Sears"). The court held that a prior release executed by Lemke in favor of State Farm Fire and Casualty Company ("State Farm") was general in nature and inured to the benefit of the defendants. Because we conclude that Lemke was entitled to contest the scope of the earlier release, we reverse and remand for further proceedings.

## I.

Lemke was injured on May 14, 1984, when a lawn mower operated by her father, Laverne Lemke, picked up a piece of metal and discharged it into her face, causing serious damage to her eye. In a subsequently filed complaint, Lemke alleged that the mower had been manufactured by Roper and sold by Sears.

Lemke's father maintained a homeowner's insurance policy with State Farm, and a claim was duly made in her name under that policy. The claim was settled without litigation for the policy limit of $100,000. The settlement with State Farm was reached in October of 1986 and subsequently embodied in a release executed by Lemke on November 20, 1986. The release, as drafted by State Farm, provided that:

> For the Sole Consideration of One Hundred Thousand ... Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Laverne H. Lemke, his heirs, executors, administrators, agents and assigns, *and all other persons, firms or corporations liable or who might be claimed to be liable,* none of whom admit any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property which have resulted or may in the future develop from an accident which occurred on or about the 14th day of May 1984 at or near 1010 Oakely Ave. Lynchburg, Va. 24501.

(emphasis added).

At the same time that Lemke was negotiating the settlement with State Farm, she initiated a civil action against Roper and Sears, alleging that the improper design of the lawn mower was the proximate cause of her injuries.[1] During the course of the litigation, the defendants learned of the settlement and release executed by Lemke. They immediately moved for summary judgment on the ground that the release, by its express terms, unambiguously released all potential defendants who might be liable for Lemke's injury.

The district court agreed that the terms of the 1986 release provided for a general release of all potential tortfeasors. The court further concluded that parol evidence of Lemke's contrary intent could not be received to vary the terms of an unambiguous document. Accordingly, summary judgment was granted in favor of Roper and Sears. This appeal followed.

## II.

On appeal, Lemke argues that the 1986 document was not intended to release either defendant in this case. She contends that parol evidence of her limited intent was admissible either because the document was ambiguous or alternatively, because the application of the parol evidence rule in Virginia is limited to disputes be-

---

1. The action was commenced in the United States District Court for the District of Columbia on October 17, 1985. It was subsequently transferred to the Western District of Virginia upon defendant's motion for a change of venue.

tween parties to the writing. We find merit in appellant's contentions.

■ The common law rule that the release of one joint tortfeasor releases all has been abrogated by statute in Virginia.[2] Under present Virginia law, a non-discharged tortfeasor may claim a setoff based on any sums paid by another to obtain a release, but the effect of the release itself is controlled by the intent of the parties as expressed in the terms of the writing. The judicial inquiry in cases involving disputed releases, therefore, follows a path of contract interpretation.

Although the restriction upon the introduction of parol evidence is a well-established principle of contract law, Virginia recognizes a significant limitation upon that principle. In *McComb v. McComb*, 226 Va. 271, 307 S.E.2d 877 (1983), the Virginia Supreme Court held that the parol evidence rule was inapplicable to a dispute between "a party to a writing and a stranger thereto." The effect of the decision in *McComb* was to permit an individual who was the sole named obligor on a $4,000 note to introduce extrinsic evidence of joint obligation notwithstanding the apparent facial clarity of the note.[3]

■ We conclude that *McComb* is squarely applicable here. As strangers to the release executed between Lemke and State Farm, the defendants below were not entitled to invoke the parol evidence rule.[4] Whether Roper and Sears were, in fact, discharged from liability is a question that can be answered only after considering all relevant evidence on the actual intent of the parties to the release. The district court, therefore, erred in basing summary judgment solely upon the four corners of the document.

### III.

For the foregoing reasons, the grant of summary judgment in favor of Roper and Sears is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED

---

2. Virginia Code § 8.01–35.1 provides that:
   When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:
   1. It shall not discharge any of the other tort-feasors from liability for the injury, property damage or wrongful death unless its terms so provide; but any amount recovered against the other tort-feasors or any one of them shall be reduced by any amount stipulated by the covenant or the release, or in the amount of the consideration paid for it, whichever is the greater.

3. We need not determine whether, as Lemke argues, the terms of the 1986 release are ambiguous. Under *McComb*, parol evidence is admissible regardless of the lack of textual ambiguity.

4. We reject appellees' suggestion on appeal that *McComb* does not control in this instance because, as third party beneficiaries of the release, they were entitled to invoke all defenses available to the parties, including the parol evidence rule. To qualify as a third party beneficiary in Virginia, a party must show that "the contracting parties clearly intended to directly benefit him." *Radosevic v. Virginia Intermont College*, 651 F.Supp. 1037, 1038 (W.D.Va.1987). We strongly question whether the language of the 1986 release evidenced a clear intent to benefit Roper or Sears. In any event, the full inquiry into intent remains to be completed on remand. Appellees cannot avoid that inquiry by attaching a different label to their status.