986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
Andrew W. LOVEN; Kline P. Barney, Jr.; Robert L. White;
Nicholas L. Presecan; The Parsons Corporation;
Engineering-Science Company; Engineering-Science
Incorporated; The Ralph M. Parsons Company; Joseph Volpe,
Jr.; Vinton L. Rathburn; Joseph F. Castro; Raymond W.
Judson; Robert H. Curtin, Defendants-Appellees.
and
Terrence A. LI PUMA; Deleuw, Cather & Company; Deleuw,
Cather & Company of Virginia, Defendants.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellee,
v.
Andrew W. LOVEN; Kline P. Barney, Jr.; Robert L. White;
Nicholas L. Presecan; The Parsons Corporation;
Engineering-Science Company; Engineering-Science
Incorporated; The Ralph M. Parsons Company; Joseph Volpe,
Jr.; Vinton L. Rathburn; Joseph F. Castro; Raymond W.
Judson; Robert H. Curtin, Defendants-Appellants.
and
Terrence A. LI PUMA; Deleuw, Cather & Company; Deleuw,
Cather & Company of Virginia, Defendants.
 Nos. 92-1017, 92-1103.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: February 23, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-90-1447-A)
 Argued: Daniel Edward Toomey, Wickwire, Gavin, P.C., Vienna, Virginia, for Appellant.
 John J. Sabourin, Jr., Hazel & Thomas, P.C., Falls Church, Virginia, for Appellees.
 On Brief: Jon M. Wickwire, Owen J. Shean, Michael A. Gatje, Wickwire, Gavin, P.C., Vienna, Virginia, for Appellant.
 Thomas R. Folk, Donna J. Kraus, Hazel & Thomas, P.C., Falls Church, Virginia, for Appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and LEGG, United States District Judge for the District of Maryland, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Gust K. Newberg Construction Company appeals the district court's judgment in its action against Engineering-Science Company (ESCO), general partners of ESCO, Engineering-Science, Inc. (ESI), the Parsons Corporation, the Ralph M. Parsons Company, and various employees of these companies. Newberg contracted with Fairfax County, Virginia, to expand and upgrade the Lower Potomac Pollution Control Plant. ESCO was the architect-engineer on the project. In its cross-appeal, as an alternative ground for dismissal, ESCO asserts that the district court erred by not requiring Newberg to exhaust its administrative remedies before bringing this action. ESCO also claims that a settlement between Newberg and the county requires dismissal of this action.
 
 
 2
 Because Newberg must exhaust its administrative remedies, we vacate the judgment of the district court and remand the case for dismissal without prejudice.
 
 
 3
 * Newberg assigns error to the district court's refusal to remand this action to the state court from which the defendants had removed it. Jurisdiction is based on diversity of citizenship, and Newberg contends that one of the original defendants was not diverse.
 
 
 4
 During the course of the proceedings Newberg dropped the nondiverse party from its second amended complaint. This complaint establishes that the nondiverse party was dispensable. Consequently, there was complete diversity as the litigation proceeded to final judgment. The district court properly ruled that dropping the nondiverse party from the second amended complaint cured the defect in jurisdiction about which Newberg complained. In Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989), the Court held that an appellate court could dismiss a dispensable nondiverse party to attain complete diversity. It based its conclusion on the court's inherent power and on the authority of a district court, conferred by Federal Rule of Civil Procedure 21, to remedy defects in jurisdiction in this manner. There can be no doubt that an amended complaint dropping a dispensable, nondiverse party can achieve the same result.
 
 II
 
 5
 The county hired ESCO to design and administer the project. ESCO's duties required it to make initial evaluations and recommendations concerning the allowance of additional compensation that Newberg sought through the presentation of change orders. The contract between ESCO and the county provided that ESCO must bear the first 6.5% of the final constructed value in change orders or settlement costs attributable to its negligent acts, errors, or omissions. In the appeal of an action between Newberg and the county we described this provision as troubling because it created "perverse incentives" for ESCO to shift the cost of errors and omissions to Newberg rather than paying for these costs up to the 6.5% limit. See Gust K. Newberg Constr. Co. v. County of Fairfax, No. 90-2463 slip op. at 6 (4th Cir. 1990).
 
 
 6
 Newberg cast its complaint in terms of fraud and tortious interference with its contract with the county. The underlying wrong about which it complains is ESCO's alleged concealment of design defects and its biased and unfair processing of change orders, requests for information, and extensions of time. Newberg alleges that ESCO wrongfully shifted to it costs that were actually caused by ESCO's negligent acts, errors, and omissions in the design and specifications of the project. Newberg charges that ESCO's motive was to escape its obligation to pay the first 6.5% of costs that resulted from its own faulty performance.
 
 
 7
 In its contract with the county, Newberg agreed to the following claims and disputes clause:
 
 
 8
 All claims, disputes or other matters or questions between the Contractor [Newberg] and the Owner [Fairfax County] or A/E [ESCO] arising out of or relating to the performance of the Work or any termination hereunder shall be decided by the Director of Public Works or his designated representative.... The decision of the Director of Public Works shall be final and conclusive unless the Contractor appeals within ten (10) days of receipt of the written decision by appeal to the County Executive.
 
 
 9
 The County Executive or a designee shall hear appeals of or protests to the Director of Public Works decision regarding claims, disputes or other matters or questions between the Contractor and the Owner or A/E arising out of or relating to the performance of the Work.... A party may not institute legal proceedings until all administrative remedies as set forth herein or as required by the ordinances or resolutions of Fairfax County have been exhausted.
 
 
 10
 Although ESCO was not a party to the Newberg-county contract, it claims that as a third-party beneficiary it can rely on the dispute clause. It points out that the dispute clause specifically includes Newberg's claims against it.
 
 
 11
 Newberg contends, and the district court agreed, that ESCO cannot be a third-party beneficiary because it allowed its state registration required by Va. Code § 54.1-406 to lapse.
 
 
 12
 ESCO was initially licensed as a partnership, whose principals were licensed in Virginia. Its registration lapsed in 1985, but Fairfax County, with whom ESCO contracted, continued to consider ESCO to be the project engineer. In 1983, ESI, an affiliate of ESCO, was registered. It remained licensed and has performed engineering duties. Engineers licensed in Virginia signed all contract documents, and the resident engineer was a Virginia licensee. The state board clothed with primary jurisdiction investigated Newberg's complaint concerning ESCO's alleged violation of the registration requirements. The board found no regulatory or statutory violation. The board's decision is entitled to deference. Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837, 842-45 (1984) (statute); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413-14 (1945) (regulation). Consequently, we conclude that ESCO can rely on Newberg's contractual obligation to submit claims against ESCO to administrative review before instituting suit.
 
 III
 
 13
 While this appeal was pending, Newberg and the county settled all of Newberg's claims against the county. ESCO was not a party to the settlement. The parties have furnished us a copy of the settlement agreement, and they have filed supplemental briefs concerning the effect of the settlement on the issues pending in this appeal. ESCO contends that the settlement discharges its liability, and Newberg asserts that the settlement has no effect on its claims, except to preclude double recovery of damages.
 
 The settlement agreement states:
 
 14
 Nothing herein contained shall be deemed to release any of the defendants in the suit entitled Gust K. Newberg Construction Co. v Andrew W. Loven, et al., filed in the U.S. District Court for the Eastern District of Virginia as Civil Action No. 90-1447-A, now pending in the United States Court of Appeals.
 
 
 15
 * * *
 
 
 16
 The parties to this Agreement do not intend for this Agreement to confer any legal rights on any person or entity not a party to this Agreement.
 
 
 17
 There can be no doubt that Newberg and the county intended not to bar Newberg's pursuit of its claims against ESCO. The question, therefore, is: Should this court give effect to the intention of Newberg and the county? The answer is yes, for the issue is largely one of law and relevant facts are not in dispute.
 
 
 18
 Newberg sued the county in both tort and contract. Its complaint against ESCO alleged various torts. Virginia law now provides that the release of one of two persons liable in tort for the same property damage does not discharge the other unless the parties intended to release the other tortfeasor. Va. Code § 8.01-35.1 (1992). In Lemke v. Sears Roebuck & Co., 853 F.2d 253, 255 (4th Cir. 1988), we recognized that the statute establishes that the intent of the parties controls the effect of a release. In a case holding an employer vicariously liable, the Supreme Court of Virginia decided that the statute can apply to those who are not technically joint tortfeasors. This interpretation, the Court explained, furthers the purpose of the statute which is to encourage settlements. See Thurston Metals & Supply Co. v. Taylor, 230 Va. 475, 483-85, 339 S.E.2d 538, 543-44 (1986). The text of the statute and the broad interpretation given to it by these cases to accomplish its remedial purpose persuade us that ESCO is precluded from relying on the Newberg-county release to bar Newberg's claims.
 
 
 19
 With respect to Newberg's interference claim, release of the contracting party, the county, does not release the allegedly interfering party, ESCO. See Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 106-07, 413 S.E.2d 611, 617-18 (1992); Restatement (Second) of Torts § 774A(2).
 
 
 20
 Although the settlement does not bar Newberg's claims, Newberg cannot recover twice for the same damages. Tazewell Oil Co., 233 Va. at 114-15, 413 S.E.2d at 622-23.
 
 IV
 
 21
 The judgment is vacated, and the case is remanded to the district court with directions to dismiss it without prejudice. Each party shall bear its own costs.
 
 VACATED AND REMANDED