## CIRCUIT COURT OF THE CITY OF RICHMOND

Timothy Stewart

v.

Pamela Jacobs

April 14, 1994

Case No. LW-1920–1

BY JUDGE MELVIN R. HUGHES, JR.

This matter came before the court on defendant's motion for summary judgment, and argument was heard and submissions received.

On August 3, 1991, Eleanor Fowlkes, the driver of one vehicle, and the defendant, Pamela Jacobs, the driver of a second vehicle, were involved in a collision. Timothy Stewart, the plaintiff, was a passenger in the vehicle operated by Eleanor Fowlkes and was injured in the collision. Eleanor Fowlkes was represented in settlement negotiations by her insurance company, Bankers and Shippers Insurance Company.

On May 14, 1993, plaintiff executed a document entitled "Release of All Claims," which stated in pertinent part that for consideration of $25,000.00, the plaintiff agreed to:

> release, acquit and forever discharge Eleanor Fowlkes & Bankers & Shippers Insurance Company and his, her, their, or its agents, servants, successors, heirs, executors, administrators *and all other persons*, firms, corporations, associations or partnerships of and from *any and all claims*, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensations *whatsoever*, which the undersigned now has/have or which may hereafter accrue on account of or *in any way growing out of any and all* known and unknown, foreseen and unforeseen bodily and personal injuries and

property damage and the consequences thereof resulting or to result from the accident, casualty, or event which occurred on or about the 4th day of August, 1991, at or near Rte. 460, Nottoway, VA.

(Emphasis supplied).

The plaintiff on July 22, 1993, filed the instant action against defendant Pamela Jacobs to recover damages for personal injuries arising out of the automobile accident. Defendant moves for summary judgment on the ground that the release unambiguously discharged all potential defendants, herself included, who might be liable for plaintiff's injuries arising from the accident. Plaintiff's counsel counters that the issue of whether the defendant was discharged from liability by the release is a question of material fact genuinely in dispute. Plaintiff contends that parol evidence pertaining to the intent of the parties to the release would be admissible at trial to show that the release was not intended to discharge the defendant from liability for the accident.

Plaintiff relies on *Lemke v. Sears, Roebuck*, 853 F.2d 253 (4th Cir. 1988). In *Lemke* the plaintiff was injured when a lawn mower picked up a piece of metal and discharged it into her face. Plaintiff made a claim for her injuries under a homeowner's insurance policy issued by State Farm. The claim was settled by State Farm without litigation. The settlement was memorialized in a release executed by the plaintiff. This release provided that:

> For the Sole Consideration of One Hundred Thousand . . . Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Laverne H. Lemke [the plaintiff], his heirs, executors, administrators, agents, and assigns, *and all other persons, firms or corporations liable or who might be claimed to be liable,* none of whom admit any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind of nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property which have resulted or may in the future develop from the accident [involving the lawn mower].

After executing the release, the plaintiff filed a products liability action against the lawn mower's manufacturer and retailer. Neither the

lawn mower's manufacturer nor seller had been a party to the release executed between the plaintiff and State Farm. When the manufacturer and retailer learned of the previous settlement and release executed by plaintiff, they moved for summary judgment on the ground that the release discharged all potential defendants who might be liable to the plaintiff for her injuries arising from the lawn mower accident.

The District Court granted summary judgment for the manufacturer and retailer, holding that the prior release executed by the plaintiff provided for the general release of all potential tortfeasors and that parol evidence of plaintiff's contrary intent could not be received to vary the terms of an unambiguous document.

On appeal, the United States Court of Appeals for the Fourth Circuit, applying Virginia law, reversed the district court, holding that under Virginia law, the manufacturer and retailer of the lawn mower, "as strangers to the release executed between [the plaintiff] and State Farm [ ] were not entitled to invoke the parol evidence rule" to preclude the plaintiff from introducing evidence concerning her intent in executing the general release. *Id.* at 255. The Court relied on *McComb v. McComb*, 226 Va. 271, 307 S.E.2d 877 (1983), for the proposition that the parol evidence rule is inapplicable to a dispute between "a party to a writing and a stranger thereto." *Id., McComb, supra*, at 274–75 (noting that Virginia's Supreme Court "has consistently held, over the years, that the parol evidence rule operates only between the parties to a writing and has no application in a suit involving strangers to the writing nor in a suit involving one party to a writing and a stranger thereto.")

In reversing summary judgment, the Fourth Circuit concluded that the question of whether the lawn mower's manufacturer and retailer were discharged from liability by the previously executed release was "a question that [could] be answered only after considering all relevant evidence on the actual intent of the parties to the release." *Id.*

Applying the foregoing principles to the case at bar, the court finds that summary judgment in favor of the defendant on the basis of the release executed between the plaintiff and Eleanor Fowlkes would be inappropriate. Whether the parties to the release intended to discharge the defendant is a material fact genuinely in dispute. Parol evidence of the actual intent of the parties to the release would be relevant to the issue of whether the release discharged the defendant from liability for plaintiff's damages arising out of the automobile accident. Because the

defendant was a stranger to the release executed between the plaintiff and Eleanor Fowlkes and Bankers and Shippers Insurance Company, the defendant could not invoke the parol evidence rule at trial to preclude the plaintiff from introducing evidence at trial concerning the actual intent of the parties. Such evidence appears at this juncture to be relevant and admissible to a material issue that is genuinely in dispute, namely whether the release served to discharge the defendant.

Accordingly, for the foregoing reasons, defendant's motion for summary judgment is overruled.