Present:  All the Justices

FIRST SECURITY FEDERAL
SAVINGS BANK, INC.

v.  Record No. 960916    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 10, 1997
JANE MCQUILKEN, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

In this appeal, the plaintiff, a party to a release agreement, challenges the trial court's exclusion of parol evidence offered to prove that the release was not intended to benefit the defendants.

On August 9, 1995, First Security Federal Savings Bank, Inc. (First Security) filed a motion for judgment against Jane McQuilken, John C. Myers, Mary D. Greenway, and Edward G. Heck (collectively, the former employees), and others.  First Security alleged that the former employees left its employ to form Security Capital, Inc., "d/b/a Mortgage Capital Investors," and that the former employees diverted clients to this corporation while they were still employed by First Security.  First Security also alleged that the former employees' conduct constituted a breach of their contractual and fiduciary duties to First Security, as well as fraud, conspiracy, misappropriation of trade secrets, and tortious interference with existing contracts.

On August 16, 1995, one week after filing its motion for judgment, First Security acquired two offices of "CMK Corporation T/A Mortgage Capital Investors."  In connection with this acquisition, the parties executed a written agreement which contained the following release:

> First Security, its agent, representatives, and/or assigns do hereby remise, release and forever discharge Mortgage Capital, its related companies, subsidiaries, divisions, their officers, directors, employees, agents, successors, heirs, representatives, executors, administrators and/or assigns, and Kevin Keegan, from any and all manner of actions, cause of actions, suits, litigation, debts, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, grievances, variances, disputes, promises, trespasses, damages, judgments, liens, executions, claims and demands of any kind whatsoever, in law or in equity, which arose or could have arisen directly or indirectly prior to the date of the execution of this Agreement which were or could have been asserted by First Security against Mortgage Capital, its related companies, subsidiaries, divisions, their officers, directors, employees, agents, successors, heirs, representatives, executors, administrators and/or assigns, and Kevin Keegan.

In their amended grounds of defense, the former employees stated that when the agreement was signed, they were employees of "a related company, division and/or subsidiary of Mortgage Capital Investors and were intended beneficiaries of the release of liabilities." The defendants filed a motion requesting summary judgment on this basis. In response, First Security asserted that the former employees were not intended beneficiaries of the release agreement, and sought to present parol evidence regarding the negotiation and execution of the agreement.

The trial court ruled that parol evidence was inadmissible because the language of the release was unambiguous and included the former employees, as well as the claims brought against them. Based on its ruling, the trial court entered summary judgment for the former employees and dismissed the action with prejudice.

On appeal, First Security contends that the trial court improperly refused to consider parol evidence of its intent in executing the release agreement.  Citing McComb v. McComb, 226 Va. 271, 274-75, 307 S.E.2d 877, 879-880 (1983), First Security argues that the parol evidence rule does not apply to a controversy between itself, a party to the written release, and the former employees, who First Security contends are "strangers" to the release.

In response, the former employees assert that the trial court did not err in refusing to consider parol evidence because the language of the release agreement is clear and unequivocal. The former employees contend that the release plainly conveyed a benefit on them and, thus, that they are not "strangers" to the release agreement within the meaning of McComb.  We agree with the former employees.

The scope of a release agreement, like the terms of any contract, is generally governed by the expressed intention of the parties.  See Great Falls Hardware v. South Lakes Village Ctr., 238 Va. 123, 125-26, 380 S.E.2d 642, 643-44 (1989).  In the present case, First Security executed an agreement containing unrestricted language releasing the employees of Mortgage Capital from "any . . . actions . . . which arose . . . prior to the date of the execution of this Agreement."

It is undisputed that each of the former employees was an employee of Mortgage Capital on the date the release was signed.

Nevertheless, First Security asserts that its intent remains a disputed issue of fact, and that it should be allowed to present parol evidence to show that it did not intend to release these particular employees of Mortgage Capital from the action it had filed against them one week earlier.

First Security contends that McComb supports its right to present parol evidence.  There, we stated that "the parol evidence rule operates only between the parties to a writing and has no application in a suit involving strangers to the writing nor in a suit involving one party to the writing and a stranger thereto."  226 Va. at 274-75, 307 S.E.2d at 879.  Accord Poff & Co. v. Ottaway, 191 Va. 779, 788, 62 S.E.2d 865, 870 (1951); Harriss, Magill Co. v. Rodgers Co., 143 Va. 815, 831, 129 S.E. 513, 518 (1925); Roselle v. Commonwealth, 110 Va. 235, 237, 65 S.E. 526, 527 (1909), aff'd, 223 U.S. 716 (1912).

In McComb, a wife's parents had lent $4,000 to be used as a down payment on a home jointly purchased by their daughter and son-in-law.  In return, the husband alone executed a note for repayment of the loan.  After the marriage failed, the wife sued the husband on another obligation, and the husband demanded a set-off of $2,000 based on his claim that the wife was jointly liable to repay the note, despite the fact that she had not signed it.

The wife invoked the parol evidence rule, arguing that the husband should not be allowed to present testimony to vary the

content of the note.  The trial court ruled, and this Court affirmed, that parol evidence was admissible because the wife was a "stranger" to the note.  We stated that since the wife was free to present parol evidence regarding the note, her husband must be equally free to do so.  226 Va. at 275-76, 307 S.E.2d at 880.

Third party beneficiaries, however, are not "strangers" to an instrument within the meaning of McComb.  Like a party to an agreement, a third party beneficiary is entitled to enforce the terms of the agreement and is subject to defenses arising from that agreement.  See Code § 55-22; Ashmore v. Herbie Morewitz, Inc., 252 Va. 141, 149, 475 S.E.2d 271, 275 (1996); Kelley v. Griffin, 252 Va. 26, 29, 471 S.E.2d 475, 477 (1996); Levine v. Selective Ins. Co., 250 Va. 282, 286, 462 S.E.2d 81, 84 (1995).

An agreement will be enforced in favor of a third party beneficiary when the beneficiary establishes that the parties to the agreement clearly and definitely intended to confer a benefit on the beneficiary.  See Levine, 250 Va. at 286, 462 S.E.2d at 83; Ward v. Ernst & Young, 246 Va. 317, 330, 435 S.E.2d 628, 634 (1993).  Here, the language of the release agreement established that the parties intended to confer a benefit on the former employees, namely, to release them from legal actions which were brought, or could have been brought, against them prior to the execution of the agreement.

The intent of the parties is established as a matter of law when the release language is considered in the context of the

undisputed facts that (1) First Security had filed an action against the former employees one week before it executed the release, and (2) the former employees were employees of Mortgage Capital on the date the release was signed.[*] Therefore, the trial court did not err in granting summary judgment because no material fact remained in genuine dispute. See Rule 3:18; Carson v. LeBlanc, 245 Va. 135, 139–40, 427 S.E.2d 189, 192 (1993).

Although the trial court did not specifically state that the former employees were third party beneficiaries of the release, such a finding is implicit in the court's ruling. If the former employees were not third party beneficiaries, the release provisions would have been irrelevant to this case.

---

[*]These facts distinguish the present case from Lemke v. Sears Roebuck Co., 853 F.2d 253 (4th Cir. 1988). There, the court ruled that parol evidence was admissible to determine whether a homeowner's release of its insurer was also intended to release Sears, the seller of a lawn mower whose operation caused the injury. Unlike the present case, in which the release language specifically designated the employees of Mortgage Capital as persons included in the release, the language in the release in Lemke did not contain any specific reference to Sears. Thus, the court was unable to determine from the record before it whether Sears was a third party beneficiary of the release agreement.

- 6 -

Thus, the trial court properly applied the parol evidence rule in this case because First Security was a party to the release agreement, and the former employees, as third party beneficiaries, were not "strangers" to that agreement. When the trial court has reached the correct result for reasons not expressed in its ruling, we will uphold that result. See Robbins v. Grimes, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970).

For these reasons, we will affirm the trial court's judgment.

Affirmed.