## CIRCUIT COURT OF LOUDOUN COUNTY

Fair Air Transportation
Coalition

v.

Metropolitan Washington
Airports Authority et al.

August 15, 1997

Case No. (Chancery) 17691

BY JUDGE JAMES H. CHAMBLIN

On August 11, 1997, counsel argued the Demurrer of the Metropolitan Washington Airports Authority ("Authority") and Washington Shuttle, Inc., a/k/a Super Shuttle, originally filed to the Bill of Complaint of the Complainant, Fair Air Transportation Coalition ("Coalition"), but by agreement of all parties, considered as a demurrer to the Amended Bill of Complaint filed by the Coalition with leave of the Court on August 11, 1997.

For the reasons hereinafter stated, the Demurrer is sustained, the Coalition is denied leave to amend, and this cause is dismissed.

This is a suit brought by the Coalition against the Authority and Super Shuttle seeking an injunction to prevent performance of a contract granted by the Authority to Super Shuttle to operate a shared ride concession at Washington National Airport and Washington Dulles International Airport, for rescission of the contract, and for damages.

At a hearing on May 28, 1997, the Coalition was denied a temporary injunction because I ruled that the Coalition was not a third-party beneficiary to the contract and had no standing to sue. Also, the Demurrer of the Authority and Super Shuttle was sustained to the same extent. *See* order entered herein on May 28, 1997, and the transcript of my ruling filed herein.

At argument on the Demurrer on August 11, 1997, all counsel agreed that the basis of the Coalition's claims is that it is a third-party beneficiary to the Authority-Super Shuttle contract. The Coalition's conclusion that it is a third-

party beneficiary as pleaded in the Amended Bill of Complaint is not admitted by the Demurrer because a demurrer does not admit as true a pleader's conclusions of law. *Heyward & Lee Constr. v. Sands, Anderson*, 249 Va. 54, 55 (1995).

The facts as alleged in the Amended Bill of Complaint are as follows. The Coalition is an unincorporated association of taxi cab companies organized for the purpose of assuring compliance by the Authority of its rules, policies, and procedures and seeing that effective and affordable airport transportation is made available to the public at Dulles and National Airports which are operated by the Authority. In February, 1995, the Authority issued a Request for Proposals ("RFP") for the shared ride service to and from the two airports.

Following completion of the proposal process, the Authority awarded the contract in August or September, 1995, to Super Shuttle. All parties agreed that the contract dated February 2, 1996, is made a part of the Amended Bill of Complaint and can be considered for purposes of the Demurrer. The Coalition makes no claim that the contract is unclear, incomplete, or ambiguous.

The members of the Coalition are a part of the ground transportation community servicing Dulles and National Airports.

The Coalition alleges that the Authority in letting the contract and by its subsequent actions has allowed Super Shuttle to do things and to avoid doing things that are required by the RFP. Specifically, it alleges:

(a) The Authority, contrary to the RFP and the contract, is allowing Super Shuttle to operate at Dulles Airport within the first year of the contract.

(b) The Authority, contrary to the RFP and the contract, is not requiring Super Shuttle to operate vehicles which utilize environmentally friendly, clean-burning fuels, such as natural gas.

(c) The Authority, contrary to the RFP and the contract, is not limiting Super Shuttle's service to delivery to and from National Airport and downtown Washington, D.C., during the first year of the contract.

(d) The Authority, contrary to the RFP, has not required Super Shuttle to comply with the Authority's Washington Flyer Ground Transportation System color scheme for its vehicles.

The Coalition asserts that the contractual provisions show an intent on the part of the Authority and Super Shuttle to benefit the ground transportation community of which the Coalition is a part.

An agreement will be enforced in favor of a third-party beneficiary when the beneficiary establishes that the parties to the agreement clearly and definitely intended to confer a benefit on the beneficiary. *First Security Fed. Savings Bank v. McQuilken*, 253 Va. 110, 114 (1997). A person who is

merely an incidental beneficiary of a contract between others cannot sue thereon. *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989).

After consideration of the allegations of the Amended Bill of Complaint (including the contract between the Authority and Super Shuttle), I find that, at the most, the Coalition is merely an incidental beneficiary and definitely is not a third-party beneficiary of the contract.

Although I do not interpret the RFP and the contract as requiring the four things asserted by the Coalition, even if they were required, it makes no difference, primarily because of the nature of the contract. The contract was entered into for the purpose of providing shared ride service for persons using the airports. It was not entered into to protect taxicab operators who currently operate at the airports. The contract provides for a service for people using the airports. It was not entered into to protect or benefit the ground transportation community (whatever it may be) at the airports.

I see nothing in the RFP or the contract that mentions existing or future taxicab operators at the airports. Of course, the shared ride service of Super Shuttle with its monopolistic attributes will affect the existing and future taxi cab operators, but they have asserted no right to continue to do business at the airports as they had before the contract was let.

I am not persuaded by *Lasday v. Allegheny County*, 453 A.2d 949 (Pa. 1982), cited by the Coalition. *Lasday* is a suit by an unsuccessful bidder for concessions at the Greater Pittsburgh International Airport alleging that Allegheny County changed its procurement procedures in awarding two concession contracts. It is not a third-party beneficiary case. *Lasday's* language about fairness in the procurement procedure is appropriate in a challenge to the procedure. But that is not the present case. Here the Coalition merely seeks relief as a third-party beneficiary of the Authority-Super Shuttle contract.

The Coalition alleges that there were improprieties in the competition for the contract, but the existence of improprieties in the contract-letting process cannot cause the Coalition to become a third-party beneficiary to the contract. Further, counsel represented to me without any contradiction that a suit attacking the contract-awarding process was dismissed in the Arlington Circuit Court in May, 1996. *See, Cinicola Companies, Inc., et al. v. Metropolitan Washington Airports Auth., et al.*, Chancery No. 95-934, Circuit Court of Arlington County, Virginia.

I can find nothing in the facts alleged in the Amended Bill of Complaint or the contract that shows that the Authority and Super Shuttle clearly and definitely intended to confer on the Coalition, whether it be as an unincorporated association or group of taxi cab operators at the airports or as

members of the airports' ground transportation community, any of these benefits:

(a) A delay of one year before Super Shuttle could operate at Dulles;

(b) That Super Shuttle would only operate environmentally-friendly fueled vehicles;

(c) A limitation in the first year upon Super Shuttle to service between National and downtown Washington, D.C.; and

(d) That Super Shuttle would only operate vehicles with the color scheme of the Washington Flyer system.

The above assumes that the four listed benefits are as provided in the Request for Proposals and the contract. The phasing-in of services is intended to alleviate Super Shuttle from having to provide service initially at both airports and throughout the metropolitan area. The shared-ride service is new. Both the RFP and the contract set times by which Super Shuttle must start certain services, but neither restricts Super Shuttle from offering the service earlier.

Even assuming that the Authority is permitting Super Shuttle to operate vehicles that are not environmentally-friendly fueled or are not of the Washington Flyer color system, the Coalition does not have standing to sue for such a breach because it is not a third-party beneficiary of the contract.

The Coalition and its members (whoever they may be; the Amended Bill of Complaint fails to identify the members of the Coalition) have no standing to bring suit on the Authority and Super Shuttle contract. Because their claim must rise or fall on the contract and the contract has been fully presented and argued to the Court, no further leave to amend is granted. This suit is dismissed.