In re Thomas H. DAMERON, t/a St. Asaph Lawyers Title Co., Inc., Beneficial Settlement Services, Inc., Choice Settlement Services, Inc., Mid–Atlantic Title and Escrow Services, Inc., Hill Management And Investment, Ltd., Inwood Center Associates, and Sylvan Grove Waste Center Treatment, Inc., Debtors.

FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,

v.

ST. ASAPH LAWYER'S TITLE COMPANY, INC., Mid–Atlantic Title and Escrow Services, Inc., Choice Settlement Services, Inc., Thomas H. Dameron, Larry Lauffer, Nations Title Insurance of New York, Inc., Atlantic Residential Mortgage Corporation, Mortgage Access Corporation, Cityscape Corporation, First Commercial Bank, and Alice J. Russell, Defendants.

Bankruptcy No. 96–10873–DOT.
Adversary No. 97–1118.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 29, 1997.

David H. Cox, Washington, DC.

John T. Donelan, Law Offices of John T. Donelan, Jack I. Frankel, Office of the United States Trustee, Alexandria, VA.

Janet Kachoynos, Caron, McCormick, Gordon & Constants, Chicago, IL.

Madeline A. Trainor, Tyler, Bartl, Burke, & Albert, Alexandria, VA.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing on Fireman's Fund Insurance Company's ("FFIC") motion to dismiss defendants' Nations Title Insurance of New York, Inc., Atlantic Residential Mortgage Corporation, Mortgage Access Corporation, and Cityscape Corporation ("Nations Title defendants") claims of bad faith was held on July 30, 1997. Following oral argument the court took the matter under advisement and for the reasons stated below will grant FFIC's motion.

### Facts

FFIC is the insurer under a Miscellaneous Professional Liability policy issued to Thomas H. Dameron and additional named insureds St. Asaph Lawyers Title Company, Inc., Mid–Atlantic Title and Escrow Services, Inc., Beneficial Settlement Services, Inc., and Choice Settlement Services, Inc. (hereinafter, "insureds").[1] FFIC filed an action in this court seeking a declaratory judgment that it was not obligated to defend or indemnify the insureds with respect to the district court lawsuit, naming the Nations Title defendants as necessary parties.

The Nations Title defendants filed a counterclaim seeking a declaration that FFIC must defend and indemnify the insureds. In the counterclaim, the Nations Title defendants also seek recovery of attorney's fees and costs as well as punitive damages for

FFIC's bad faith refusal to defend and/or indemnify the insureds.

FFIC filed a subsequent motion to dismiss only that portion of the Nations Title defendants' counterclaim dealing with bad faith and punitive damages. FFIC challenges the Nations Title defendants' standing under Virginia law to bring a bad faith action against FFIC.

The Nations Title defendants claim there is a well-recognized duty owed by insurers to injured third parties which provides a right to an independent action against an insurer.[2]

### Discussion and Conclusions of Law

In Virginia, a third-party beneficiary to a contract is entitled to enforce the terms of a contract and is subject to defenses arising out of it. Va.Code § 55–22; *see First Sec. Fed. Sav. Bank, Inc. v. McQuilken*, 253 Va. 110, 480 S.E.2d 485 (1997); *Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 462 S.E.2d 81 (1995). However, this statute is not one which confers an automatic right to a direct action by a third-party beneficiary against an insurer.[3] Rather the doctrine is subject to an important limitation; the third party must show that the parties to the contract clearly and definitely intended at the time of contracting to confer a benefit on him. *See American Bankers Ins. Co. of Florida v. Maness*, 101 F.3d 358 (4th Cir. 1996); *Professional Realty Corp. v. Bender*, 216 Va. 737, 222 S.E.2d 810 (1976); *Sinicrope*

1. The Nations Title defendants filed suit in the United States District Court for the Eastern District of Virginia, Alexandria Division, against Thomas H. Dameron, Larry W. Lauffer, an alleged principal of one or more of the named or additional named insureds, and others for the alleged mishandling and improper certification of certain mortgages taken on property owned by Thomas Dameron. The insureds tendered the district court lawsuit to FFIC for defense and indemnification under the Professional Liability policy. FFIC denied coverage for defense and indemnification.

2. The Nations Title defendants also urge that the claim be allowed since Dameron has filed for bankruptcy and therefore has little or no interest in contesting FFIC's complaint. The court finds this argument to be without merit since the Chapter 11 trustee, on behalf of Dameron and the other insureds, has filed and is pursuing a counterclaim seeking declaratory judgment

against FFIC for defense and indemnification in the district court lawsuit and damages for bad faith denial of coverage. The trustee's counterclaim is identical to the one filed by the Nations Title defendants.

3. Virginia does not have a so-called "direct action" statute which would allow any party injured by an insured to bring an action directly against the insurer. *Hill v. Liberty Mut. Ins. Co.*, 453 F.Supp. 1342, 1346 n. 2 (E.D.Va.1978). The only closely analogous provision is Virginia Code § 38.2–2200 which allows a direct third-party action against an insurer only under policies insuring against personal injury, death or property damage and then only if the third party already holds an unsatisfied judgment against the insured. *See Vermont Mut. Ins. Co. v. Everette*, 875 F.Supp. 1181, 1185 (E.D.Va.1995). Section 38.2–2200 is not applicable in the present situation.

*v. Black Diamond Sav. & Loan Ass'n (In re Sinicrope),* 21 B.R. 476 (Bankr.W.D.Va.1982).

 No evidence is before the court which would establish the Nations Title defendants as intended beneficiaries to the insurance contract between FFIC and the original named insureds under § 55–22. Without such evidence, the Nations Title defendants lack proper standing to bring an action alleging bad faith by FFIC. *See Kelly Health Care, Inc. v. Prudential Ins. Co.,* 226 Va. 376, 309 S.E.2d 305 (1983).

In addition, most states which have considered the issue have not allowed a third-party claim against the insurer of an adverse party in the absence of a specific statutory provision. *See Wilson v. Wilson,* 121 N.C.App. 662, 665, 468 S.E.2d 495, 497 (1996) (citing cases from a majority of jurisdictions). Of the cases cited by the Nations Title defendants in support of their argument, most focus on the rights of the *insured,* not of a third party, to bring an action against the insurer. *See, e.g., Aetna Cas. & Sur. Co. v. Price,* 206 Va. 749, 146 S.E.2d 220 (1966). In the cited cases in which the court did grant a third party an independent right to proceed, a statute from a jurisdiction other than Virginia or another non-applicable statute controlled the outcome. *See, e.g., Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941) (applying an Ohio statute which granted a right to proceed against an insurance company that failed to satisfy a judgment within thirty days); *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986) (applying the Federal Declaratory Judgment Act, 28 U.S.C. § 2201).

Lack of standing to bring a cause of action is a threshold issue that warrants dismissal. *See Carver v. Brecher (In re Carver),* 144 B.R. 643, 648 (S.D.N.Y.1992); *Hutzelman v. U.S. Farmers Home Administration (In re North East Projects, Inc.),* 133 B.R. 59, 60 (Bankr.W.D.Pa.1991).

IT IS THEREFORE ORDERED that the Nations Title defendants' claim of bad faith requesting punitive damages and attorneys' fees is dismissed.