## CIRCUIT COURT OF THE CITY OF NORFOLK

Shalanda N. Franklin

v.

Recharlotte B. Franklin

August 26, 2002

Case No. (Law) L01-1006

BY JUDGE JOSEPH A. LEAFE

This matter comes before the court on Defendant Recharlotte Franklin's Plea in Bar and Motion to Dismiss.

Plaintiff Shalanda Franklin's Motion for Judgment seeks damages of $150,000 from Defendant. Plaintiff alleges that Defendant, "as a result of the negligence, carelessness, and recklessness of the defendant," collided with a guardrail while driving a rental car in Smith County, Tennessee. Plaintiff alleges that she was an infant at the time of the accident, she sustained serious and permanent injuries as a direct and proximate result of the accident, "has suffered and will continue to suffer great physical pain and mental anguish, has sustained permanent disability and deformity, and has incurred and will continue to incur in the future hospital, doctors', and related bills in an effort to be cured of said serious and permanent injuries."

In response, Defendant argues in her Plea in Bar and Motion to Dismiss that the suit is barred by a "Release of All Claims" form that Plaintiff executed after attaining the age of majority. Defendant had insurance coverage by both United Services Automobile Association (hereinafter "USAA") and Budget Rent-A-Car (hereinafter "Budget") for the accident that is the subject of this lawsuit. Budget, which is also the rental company that rented the car to Defendant, was the primary insurer of the accident. USAA was responsible for excess liability for the accident in question. Given the

serious nature of the accident and the grave injuries suffered by Plaintiff, USAA agreed to pay $100,000 under its policy knowing that Budget's policy, with $50,000 limits, would not be sufficient to cover Plaintiff's injuries and damages. Because Plaintiff was above the age of majority at the time of payment, USAA required Plaintiff to execute a release in favor of USAA. That release is the subject of this motion.

Defendant alleges that the Release was executed in favor of Defendant and "released, acquitted, and forever discharged Recharlotte Franklin from all damages, personal injuries, expenses, all claims of any kind, relating to the July 4, 1998, accident." Defendant argues that the release should be enforced as it is clear and unambiguous on its face. Defendant argues that she is an intended third-party beneficiary of the Release and the Release must be enforced as written because the parol evidence rule bars the admission of the evidence that there was no intention to release Defendant from all claims.

Plaintiff alleges that she executed the Release under the belief that she was releasing only USAA. Plaintiff alleges that although she saw that her parents' names were also included in the Release, she understood the inclusion of their names to be a technicality. Additionally, Plaintiff's father, acting on her behalf, understood that the names were included as a formality and that the cause of action against Defendant would be reserved so that Plaintiff could collect on another insurance policy that covered the events of the accident. Plaintiff, therefore, argues that the Release should not be enforced in favor of Recharlotte Franklin, Defendant.

*Discussion of Law and Facts*

In order to have a binding compromise settlement, the parties must reach a mutual agreement on all of the essential elements of the proposed settlement. *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 346-47, 269 S.E.2d 838, 844-45 (1980). "The issue is always ultimately resolved by a determination of the intentions of the parties, as objectively manifested." *Id.* at 346, 269 S.E.2d at 844 (internal quotation omitted). Once it is determined that parties have an agreement, courts will generally give effect to the agreement.

"In Virginia, no general rule seems to be better settled than that, in controversies between two parties to a contract, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous,

unconditional, written instrument." *Godwin v. Kerns*, 178 Va. 447, 551, 17 S.E.2d 410, 412 (1941) (emphasis added). However, it is also well established law in Virginia that the parol evidence rule does not apply "in a suit involving strangers to the writing nor in a suit involving one party to the writing and a stranger thereto." *McComb v. McComb*, 226 Va. 271, 275, 307 S.E.2d 877, 879 (1983).

Defendant is a stranger to the instrument unless 'Defendant proves otherwise. In her motion, Defendant argued that she was an intended third-party beneficiary of the release executed by Shalanda in favor of USAA. Third-party beneficiaries are not strangers to an instrument, and they may enforce the terms of the instrument. *First Sec. Fed. Savings Bank, Inc. v. McQuilken*, 253 Va. 110, 114, 480 S.E.2d 485, 488 (1997). Defendant has not established that she was a third-party beneficiary of the release. "An agreement will be enforced in favor of a third-party beneficiary when the beneficiary establishes that the parties to the agreement clearly and definitely intended to confer a benefit on the beneficiary." *Id.* (emphasis added).

In order to determine whether the parties clearly and definitely intended to confer a benefit on the third-party, courts look at the language of the release in the context of the facts in the case. *Id.* In *McQuilken,* the court decided that the parol evidence rule did apply because the defendants were third-party beneficiaries. *Id.* The court decided that:

> The intent of the parties is established as a matter of law when *the release language is considered in the context of the undisputed facts* that (1) First Security had filed an action against the former employees one week before it executed the release, and (2) the former employees were employees of Mortgage Capital on the date the release was signed.

*Id.* (emphasis added).

Whether or not Recharlotte Franklin is an intended third-party beneficiary of the Release is a question answered by a close examination of the Release in the context of events occurring at the time that Plaintiff executed the Release.

It is clear that the parties in this case did not intend to confer a benefit upon Recharlotte. In the hearing on July 12, 2002, Kelvin Franklin testified that a USAA representative told him that his name and his wife's name were included in the Release because he was the primary policyholder and she was the driver. (Tr. p. 15.) He also testified that USAA told him that his daughter,

the Plaintiff, would be able to collect on the Budget insurance policy. (Tr. p. 15.) Plaintiff testified that she signed the Release because her father encouraged her to do so. (Tr. p. 23.) She testified that her father was handling her sister's case, and she therefore thought that her father would also take care of her case. (Tr. p. 23.) Plaintiff then relied on her father's statement that the Release was merely a formality, and she must sign it before she would receive money from USAA. The fact that the Release also includes the name of Kelvin Franklin, the father, in addition to USAA and Defendant, suggests that Plaintiff and USAA did not intend to benefit Defendant. Kelvin Franklin had no liability for the events of July 4, 1998. Despite this, USAA added Kelvin Franklin's name to the Release as a formality because he was the primary insured under the policy. There was no intention to confer a benefit on him; Kelvin's name was included for the benefit of USAA, insuring that USAA would be released from the Plaintiff's claims. It is likely then that Recharlotte Franklin's name was also included for the benefit on USAA.

The parallel settlement of Christina Franklin's claims against USAA provides further insight into the intentions of the parties. See *U.S.A.A. v. Christina Dione Franklin et al.*, Chancery No. 00-622. Because Christina Franklin was a minor at the time of the settlement, the settlement had to be approved by the court. In USAA's Petition to Approve Compromise Settlement Under § 8.01-424, Paragraph 8 provides for the release of USAA and Recharlotte Franklin "save and except the claim being asserted against Recharlotte B. Franklin to the extent of any coverage provided by carriers for the motor vehicle operated by Recharlotte B. Franklin at the time of the accident." In Christina's case, USAA paid $100,000 to Christina in exchange for a release of USAA and Recharlotte Franklin except to the extent of any coverage by other insurance carriers. USAA paid the same amount to Shalanda Franklin in exchange for the Release. By analogy, it is likely that Plaintiff intended only to release USAA, and therefore that USAA and Plaintiff did not intend to confer a benefit on Defendant, but only USAA.

On the basis of the above facts, this court finds that Recharlotte Franklin was not a third-party beneficiary to the Release. This Court, therefore, holds that parol evidence is admissible to show that Plaintiff did not intend to release Defendant.

On the basis of the evidence presented, the Court finds that Plaintiff did not intend to release the Defendant, and the Defendant's Plea in Bar and Motion to Dismiss is overruled.