COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Coleman


JOHN CHARLES HARRIGER

                                    MEMORANDUM OPINION*
v.    Record No. 0290-00-3             PER CURIAM
                                      JUNE 6, 2000
PEPSI-COLA GENERAL BOTTLERS/
 WHITMAN CORPORATION AND
 BIRMINGHAM FIRE INSURANCE COMPANY
 OF PENNSYLVANIA


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (John Charles Harriger, pro se, on brief).

              (Ramesh Murthy; Lisa Frisina Clement; Penn,
              Stuart & Eskridge, on brief), for appellees.

     John Charles Harriger contends that the Workers'

Compensation Commission erred in denying his application

alleging a change-in-condition in his June 5, 1994 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and conclusive upon us when they are supported by credible evidence. See Code § 65.2-706; Falls Church Constr. Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997).

The medical records established that on December 4, 1998, Dr. Jeffrey R. McConnell, an orthopedic surgeon, opined that there had been no objective change in Harriger's back condition over the time he had treated Harriger. As we recognized in this Court's April 14, 1998 opinion, see Harriger v. Pepsi-Cola General Bottlers/Whitman Corp., Record No. 2806-97-3, Dr. McConnell had previously released Harriger to return to his pre-injury work without restrictions on December 19, 1996. Dr. McConnell opined that Harriger's condition had deteriorated due to psychological dysfunction, and Dr. McConnell clarified that he had not changed any of the recommendations for Harriger's return to work status with respect to his physical condition.

On April 7, 1999, Dr. Paul R. Kelley, a neuropsychiatrist, opined that Harriger chose not to work and that his mental status did not support this inability. Dr. Kelley did not find that Harriger suffered from any psychiatric disorder, but rather that his behavior was consistent with malingering.

-

In denying Harriger's application, the commission accepted the opinions of Drs. McConnell and Kelley and rejected the contrary opinions of Drs. Neil P. Dubner, a psychiatrist, and Robert Van Clampitt, a family practitioner.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  The commission articulated credible reasons for giving little probative weight to the opinions of Drs. Dubner and Clampitt.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that as of October 23, 1998, Harriger was totally disabled from work due to a condition causally related to his compensable injury by accident.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  Accordingly, we affirm the commission's decision.

Affirmed.

-