PRESENT:  Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Kinser, JJ., and Gordon, Retired Justice

FALLS CHURCH CONSTRUCTION
COMPANY, ET AL.

v.  Record No. 962627     OPINION BY JUSTICE BARBARA MILANO KEENAN
                                               October 31, 1997
ROBERT C. LAIDLER

                FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether an employee's intentional concealment of a material fact on an employment application bars his receipt of workers' compensation benefits for a work-related injury.

     Falls Church Construction Company (the Company) hired Robert C. Laidler in June 1992.  Prior to his employment, Laidler completed a job application which required that he state whether he had ever been "charged or convicted of a felony or any crime." In response to this question, Laidler wrote "No."  Approximately eight weeks later, the Company fired Laidler for absenteeism.

     In May 1993, the Company rehired Laidler and, according to its policy, requested that he complete a second employment application that was identical to the first application.  Laidler failed to respond to several questions on the second application, including the question concerning his prior criminal record.

     The Company's human resources representative, Beverly Ann Spaulding, reviewed Laidler's first employment application and did not ask Laidler to complete the unanswered questions in the second application.  After noting that all the completed answers in the second application were the same as those in the first application, Spaulding assumed that the answer in the first

application regarding Laidler's criminal record remained the same.

In July 1993, Laidler sustained a work-related lumbar strain while employed by the Company and, pursuant to an agreement by the parties, the Virginia Workers' Compensation Commission (Commission) entered an order providing for payment of temporary total disability benefits during certain periods in 1993. Laidler filed a change of condition application in March 1994, alleging that he was entitled to a resumption of disability benefits.

In answers to interrogatories filed in that proceeding, Laidler disclosed that he was convicted of breaking and entering in 1978 and had "served" two years probation. The Company defended Laidler's claim for a resumption of benefits on the ground that he had materially misrepresented his criminal record in his second job application.

At a hearing in January 1995, Spaulding testified that Laidler would not have been rehired if the Company had known about his criminal record. Spaulding further stated that, if the Company had learned of Laidler's criminal record prior to his injury, that fact would have been ground for his termination. Spaulding explained that the Company performed a large amount of work under government contracts and, therefore, it was particularly important that the Company's employees be trustworthy.

Laidler testified that, although he had been charged with breaking and entering, he was convicted of the misdemeanor

offense of "unlawful entry."  Laidler admitted, however, that his response on the first employment application to the question about his criminal record was false.

The Commission held that the Company had not met its burden of proving that it relied on Laidler's misrepresentation in rehiring him.  The Court of Appeals affirmed the Commission's decision, holding that the record supported both the Commission's "implicit credibility finding" which rejected Spaulding's testimony, and the Commission's ultimate conclusion that the Company failed to prove reliance on Laidler's misrepresentation.

In its appeal to this Court, the Company argues that the Court of Appeals' decision is contrary to that of Marval Poultry Co. v. Johnson, 224 Va. 597, 601, 299 S.E.2d 343, 346 (1983). The Company asserts that the holding in Marval eliminated the requirement that an employer seeking to bar an employee's receipt of workers' compensation based on his false representation in an employment application prove reliance on the misrepresentation and a causal connection between the misrepresentation and the work-related injury.  Thus, the Company contends that proof of a misrepresentation alone will bar a claimant from receiving workers' compensation benefits.  Alternatively, the Company contends that the Court of Appeals erred in holding that the Company failed to prove it relied on Laidler's misrepresentation in rehiring him.  We disagree with both arguments.

An employee's false representation in an employment application will bar a later claim for workers' compensation benefits if the employer proves that 1) the employee

intentionally made a material false representation; 2) the employer relied on that misrepresentation; 3) the employer's reliance resulted in the consequent injury; and 4) there is a causal relationship between the injury in question and the misrepresentation. See, e.g., Billy v. Lopez, 17 Va. App. 1, 4, 434 S.E.2d 908, 910 (1993); Grimes v. Shenandoah Valley Press, 12 Va. App. 665, 667, 406 S.E.2d 407, 409 (1991); McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 411-12, 350 S.E.2d 225, 227 (1986); 3 Arthur Larson, Larson's Workers' Compensation Law § 47.53 (1997).

As a threshold matter, we find no merit in the Company's argument that the Marval decision eliminated from the false representation defense the requirements that the employer establish reliance and a causal relationship between the misrepresentation and the work-related injury. Our holding in Marval did not address issues of reliance or causation. Rather, we held only that the justified termination of an employee for dishonesty barred his later claim for benefits under a change in condition application. 224 Va. at 601, 299 S.E.2d at 345.

In the present case, Laidler was not terminated from his employment after he was rehired in May 1993. The only issue before us is whether the Company established the defense of false representation, barring Laidler's claim for further compensation benefits. We conclude that the Company's failure to prove the element of reliance defeated its defense.

We agree with the Court of Appeals' determination that Laidler knowingly made a false representation about his criminal

record in the second application by failing to answer the relevant question. The concealment of a material fact on an employment application constitutes the same misrepresentation as if the existence of the fact were expressly denied. See Virginia Natural Gas Co. v. Hamilton, 249 Va. 449, 455, 457 S.E.2d 17, 21 (1995); Van Deusen v. Snead, 247 Va. 324, 328, 441 S.E.2d 207, 209-10 (1994); Metrocall of Delaware v. Continental Cellular, 246 Va. 365, 374, 437 S.E.2d 189, 193 (1993). The evidence showed that Laidler's concealment was intentional since he gave a false answer to the same question on the first application. Further, the false representation was material because it was highly relevant to Laidler's trustworthiness as an employee.

Since the Company established that Laidler misrepresented his criminal record on the second employment application, we next consider the element of reliance. We review the evidence of reliance in the context of the Court of Appeals' holding that credible evidence supported the Commission's ruling. We are guided by the principle that the Commission's findings of fact, if supported by credible evidence, are conclusive and binding on appeal. See Code § 65.2-706; Ivey v. Puckett Constr. Co., 230 Va. 486, 488, 338 S.E.2d 640, 641 (1986).

We conclude that the record supports the Court of Appeals' determination. Laidler submitted the second job application almost one year after the date of his first application. The Company made no attempt to secure the information sought in the unanswered questions on the second application form. Instead, the Company assumed that Laidler's responses to those unanswered

questions would be the same as those given on his earlier application.  Thus, there was credible evidence that the Company's decision to rehire Laidler was not made in reliance on his misrepresentation in the second application, but was founded on its assumption that he had no criminal record when he submitted the second application.[*]T

Since the Company failed to prove the reliance element of its false representation defense, we need not consider the remaining elements of that defense, including the issue whether there was a causal relationship between the injury and the misrepresentation.  Thus, we do not address the requirements for establishing a causal relationship between an injury and a misrepresentation under a false representation defense.

Based on the above evidence, we conclude that the Court of Appeals properly affirmed the Commission's decision.  See Code § 65.2-706.  Therefore, we will affirm the Court of Appeals' judgment.

Affirmed.

---

[*]We find no merit in the Company's argument that reliance was established by Laidler's statement before the Court of Appeals that the information provided in the second application was submitted "to be relied upon for his second period of employment."  Evidence of Laidler's intent does not furnish proof that the Company actually relied on the misrepresentation in the second application.