Present:  All the Justices

PRINCE WILLIAM COUNTY
SERVICE AUTHORITY, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.  Record No. 971519          September 18, 1998

LORRAINE HARPER

FROM THE COURT OF APPEALS OF VIRGINIA

We consider whether an employee's false statement on an employment application, that she had not been convicted of a felony, bars her receipt of workers' compensation benefits.

Lorraine M. Harper pled guilty to the felonies of insurance fraud and criminal conspiracy in the Commonwealth of Pennsylvania on June 5, 1992.  On July 30, 1993, she completed an application for employment with the Prince William County Service Authority. The employment application contained the following question:  "Have you ever been convicted of a law violation, including moving traffic violations but excluding offenses committed before your eighteenth birthday which were finally adjudicated in a Juvenile Court or under a Youth Offender Law?  You may omit traffic violations for which you paid $30.00 or less."  Harper responded, "no" when she answered this question.  The employment application also contained the following certification:  "I hereby certify that this application is a complete record and that all entries given are true and accurate to the best of my knowledge.  I understand that any attempt to practice deception or fraud in this application

is grounds for disqualification or dismissal." Harper concealed her felony convictions when she completed the employment application.

Harper, who was hired as a wastewater treatment plant operator trainee with the Prince William County Service Authority, sustained injuries to her left wrist and coccyx while performing her duties on June 14, 1994. Harper and the Authority executed agreements providing for the payment of disability benefits for certain time she missed from work.

In February 1995, Harper filed an application for benefits based upon a change in condition with the Workers' Compensation Commission (Commission), seeking disability benefits for various periods from January 1995 through July 1995. During the course of that proceeding, the Authority learned that Harper had failed to disclose her felony convictions.

At a hearing before a deputy commissioner, Sherry Boyce, personnel director for the Authority, testified that the Authority does not automatically disqualify employment applicants who have felony convictions, but that each applicant with a felony conviction is considered on "a case-by-case basis." Boyce testified that the Authority would not have hired Harper had she disclosed her felony convictions because of the nature and recent date of the convictions.

Harper resigned from her employment with the Authority before it became aware of her felony convictions. Boyce testified that had Harper been employed at the time the Authority learned of her misrepresentations, it would have terminated her employment.

The Authority asserted before the deputy commissioner that Harper is barred from receiving workers' compensation benefits because of her false representations. The deputy commissioner, rejecting the Authority's assertion, concluded that Harper's "felony conviction[s] would not have automatically resulted in the [Authority's] rejection of her employment application. The falsehood itself did not contribute to the nature of her injury, which would prevent benefits as in those cases where a claimant lied about her physical condition." The deputy commissioner entered an award in favor of Harper against the Authority.

The Authority appealed the deputy commissioner's determination to the Commission which also rejected the Authority's contention. The Authority appealed the Commission's award to the Court of Appeals, which affirmed the Commission's decision, holding that the evidence of record failed to demonstrate that "the misrepresentation, that Harper had not committed a crime, was causally related to Harper's injury." Prince William County Serv. Auth. v. Harper, 25 Va. App. 166, 170, 487 S.E.2d 246, 248 (1997). The Authority appeals.

Relying upon Marval Poultry Co. v. Johnson, 224 Va. 597, 299 S.E.2d 343 (1983), the Authority argues that since Harper obtained employment through fraud or material misrepresentation, she is barred from receiving workers' compensation benefits because there is no valid contract of hire and she may not benefit from her fraudulent conduct. Continuing, the Authority asserts that a causal relationship exists between Harper's misrepresentation and her work-related injury because had she revealed her felony convictions, she would not have been hired and the employer-employee relationship would not have existed. We find no merit in the Authority's contentions.

In Falls Church Constr. Co. v. Laidler, 254 Va. 474, 477-78, 493 S.E.2d 521, 523 (1997), we stated the following principles which are pertinent here:

> "An employee's false representation in an employment application will bar a later claim for workers' compensation benefits if the employer proves that 1) the employee intentionally made a material false representation; 2) the employer relied on that misrepresentation; 3) the employer's reliance resulted in the consequent injury; and 4) there is a causal relationship between the injury in question and the misrepresentation."

Applying these principles, we hold that Harper is not barred from receiving workers' compensation benefits because the Authority failed to adduce evidence which established a causal relationship between her work-related injury and her misrepresentation of her criminal record. Boyce's testimony that the Authority would not

4

have hired Harper had it been aware of her felony convictions is not sufficient to demonstrate the existence of a causal relationship between Harper's work-related injury and her misrepresentation.

We reject the Authority's contention that our decision in Marval bars Harper's receipt of workers' compensation benefits. In Marval, we considered whether an employee was entitled to workers' compensation benefits after the employee was discharged by his employer for dishonesty. As we recently explained, "[o]ur holding in Marval did not address issues of reliance or causation. Rather, we held only that the justified termination of an employee for dishonesty barred his later claim for benefits under a change in condition application." Laidler, 254 Va. at 478, 493 S.E.2d at 523. Hence, Marval is inapposite to this case in which the issue of causation is dispositive.

For the foregoing reasons, we conclude that the Court of Appeals properly affirmed the Commission's decision. See Code § 65.2-706. Therefore, we will affirm the judgment of the Court of Appeals.

Affirmed.

5