Present:  All the Justices

JOSE GRANADOS

v.  Record No. 980190    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                         January 8, 1999
WINDSON DEVELOPMENT
CORP., ET AL.


FROM THE COURT OF APPEALS OF VIRGINIA


The primary issue in this appeal is whether the Court of Appeals erred in affirming a decision of the Workers' Compensation Commission denying a claimant, an illegal alien, benefits because he misrepresented his immigration status and eligibility for employment in the United States.

Jose Ismael Granados was employed as a carpenter's helper by Windson Development Corporation (Windson) in January 1995. He speaks Spanish and does not speak or read English.  At the time Granados was hired, Cleo Heavener, Windson's representative, asked Granados to provide his "social security card" and one other form of identification, in accordance with the requirements of the United States Department of Justice, Immigration and Naturalization Service.

Granados gave Heavener a "social security card" bearing his name and a card purportedly issued by the Immigration and Naturalization Service, containing his photograph and identifying him as a resident alien.  At that time, Granados

also signed an employment eligibility and verification form required by federal law, attesting that he was an alien lawfully admitted for permanent residence in the United States. The documents Granados provided were forged. He was ineligible for lawful employment in the United States both on the date he began work and on the date he sustained a work-related injury.

In February 1995, Granados was injured in the course of his employment when he fell off a "stack of lumber" and fractured his right ankle. He was totally disabled until June 1995, when his treating physician released him for light duty work. Based on his illegal work status, Granados was unable to market his remaining work capacity.

Granados filed a claim for benefits with the Workers' Compensation Commission (the Commission). At a hearing before a deputy commissioner, and in his responses to interrogatories, Granados admitted that he had never applied for a social security card or any kind of work permit, that he was not a permanent resident alien, and that he was ineligible for employment in the United States. Granados did not dispute that the documents he provided to Windson were forged.

Heavner testified that Windson did not hire applicants who lacked proper documentation of their immigration status. He also stated that Windson would not have hired Granados if he had

failed to produce documents indicating that he was eligible for employment.

Granados asked the deputy commissioner to compel Windson to respond to his discovery request seeking all of Windson's employment records from 1990 to 1995. The deputy commissioner determined that the documents were not relevant to the proceeding and denied the request. The deputy commissioner issued an opinion denying Granados benefits on the ground that he "materially misrepresented his employment eligibility by (1) providing a false social security card, (2) providing a [false] alien immigration card[,] and (3) signing the Employment Eligibility Verification Form."

The full Commission affirmed the deputy commissioner's decision, holding that Granados' claim for benefits was properly denied because he obtained his employment by misrepresentation. The Commission stated that Windson "properly relied on the documents presented. Had [Heavener] been aware of claimant's true alien status, he would not have hired him. . . . The claimant cannot now complain that the employer was taken in by the forged documents which he presented to obtain this employment." The Commission also affirmed the deputy commissioner's ruling denying Granados' motion to compel the production of Windson's employment records.

3

A panel of the Court of Appeals affirmed the Commission's decision in an opinion that was withdrawn when the Court granted Granados' request for a rehearing en banc. On rehearing en banc, the Court entered an order, without opinion, affirming the Commission's decision "by an equally divided court." Granados v. Windson Dev. Corp., 26 Va. App. 251, 494 S.E.2d 162 (1997).

On appeal, Granados first asserts that the Commission erred in denying him benefits on the basis of his false representations, because there was no causal connection between those representations and the injury he sustained. He argues that his injury was "independent of the condition which was misrepresented."

In response, Windson contends that Granados was properly denied benefits based on his false representations. Windson argues that there was a causal connection between Granados' false representations and his injury, because the evidence showed that he would not have been hired without the "proof" he submitted to document his immigration and employment status.

The test we apply on review is well settled. A false representation made by an employee in applying for employment will bar a later claim for workers' compensation benefits if the employer proves that 1) the employee intentionally made a material false representation; 2) the employer relied on that misrepresentation; 3) the employer's reliance resulted in the

4

consequent injury; and 4) there is a causal relationship between the injury at issue and the misrepresentation. Prince William County Serv. Auth. v. Harper, 256 Va. 277, 280, 504 S.E.2d 616, 617 (1998); Falls Church Constr. Co. v. Laidler, 254 Va. 474, 477-78, 493 S.E.2d 521, 523 (1997).

The case before us presents the same type of causation issue we addressed in Harper. There, an employee sustained injuries to her wrist and coccyx while performing her job. She had been hired after falsely stating in her employment application that she had not been convicted of a crime as an adult. In fact, she had been convicted of the felonies of insurance fraud and criminal conspiracy. Her employer's personnel director testified at a hearing before a deputy commissioner that the employee would not have been hired if she had disclosed her felony convictions, because of the nature of the convictions and their recent date. 256 Va. at 279, 504 S.E.2d at 617.

We affirmed the Court of Appeals' judgment upholding the award of compensation. We stated that the employer failed to prove its claim of false representation, because testimony that the employee would not have been hired if she had disclosed her felony convictions "is not sufficient to demonstrate the existence of a causal relationship between [the employee's]

work-related injury and her misrepresentation."  Id. at 280, 504 S.E.2d at 617.

The required causal connection between an injury and a false representation was demonstrated in McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 350 S.E.2d 225 (1986), in which the complainant had sustained a work-related back injury. At the time he was hired, the employee denied in his employment application that he had any physical limitations that would prevent him from performing certain types of work, and stated that he had never received workers' compensation benefits for his injuries.  However, the employee had injured his back about six months earlier in a previous job and had received compensation benefits for that injury for about five weeks.  Id. at 410, 350 S.E.2d at 226.

The Court of Appeals held that there was a causal relationship between the employee's false representations and his injury.  The Court based its holding on the medical evidence, which established that the second injury was in the same area of the employee's back as the earlier injury and was accompanied by similar complaints of pain radiating into the right leg.  Id. at 413, 350 S.E.2d at 228.

In the present case, Windson failed to demonstrate the required causal relationship between Granados' false representation and his resulting injury.  Granados' injury was

unrelated to the substance of his false representations concerning his immigration status and eligibility for employment. Therefore, based on Harper, we conclude that the Commission erred in ruling that Granados' false representations precluded an award of benefits.

Windson asserts, however, that even if the Commission's reason for denying benefits to Granados was erroneous, the record still demonstrates that the Commission reached the correct result. Windson argues that Granados was properly denied benefits because he was not Windson's "employee," within the meaning of the workers' compensation statutes. Windson contends that an illegal alien cannot enter into an employment contract in the United States and, thus, that Granados' alleged contract of employment with Windson was void and unenforceable.

In response, Granados argues that the illegality of a contract does not bar the receipt of workers' compensation benefits. He relies primarily on Humphrees v. Boxley Bros. Co., 146 Va. 91, 108, 135 S.E. 890, 895 (1926), in which this Court applied the provisions of the workers' compensation statutes to a minor who was unlawfully employed at the time he sustained a work-related injury. We disagree with Granados' argument.

The determination whether Granados was Windson's "employee" depends on whether he met the definition of "employee" set forth in the Virginia Workers' Compensation Act, Code §§ 65.2-100 to -

7

1310 (the Act). <u>Virginia Beach Police Dept. v. Compton-Waldrop</u>, 252 Va. 302, 305, 477 S.E.2d 514, 516 (1996). As a claimant seeking benefits under the Act, Granados had the burden of proving that he met this definition. <u>See</u> <u>Behrensen v. Whitaker</u>, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990).

Code § 65.2-101 defines, in material part, an "[e]mployee" as "[e]very person, including a minor, in the service of another under any contract of hire." Granados was not in the service of Windson under any contract of hire because, under the Immigration Reform and Control Act of 1986, an illegal alien cannot be employed lawfully in the United States. <u>See</u> 8 U.S.C. § 1324a; <u>see</u> <u>also</u> Code § 40.1-11.1. Therefore, Granados was not eligible to receive compensation benefits as an "employee" under the Act because his purported contract of hire was void and unenforceable.

We disagree with Granados' argument that our decision in <u>Humphrees</u> requires a different result. There, we held that a minor was subject to the provisions of the workers' compensation statutes despite the fact that he was not lawfully employed in conformance with the child labor laws. We stressed that, since the principal object of the child labor laws is the protection of the child, the workers compensation statutes should be interpreted with due regard to the child's care and welfare. 146 Va. at 94-95, 135 S.E. at 891.

8

Those concerns are not present in this appeal. Also, unlike the case before us, the employer in Humphrees accepted the child for work without an employment certificate required by statute. Here, the record shows that Windson was diligent in obtaining from Granados the documentation required under state and federal law to verify his immigration status and eligibility for employment. Therefore, Windson's conduct does not provide a basis for reaching a different result in this case.

We find no merit in Granados' argument that the denial of workers' compensation benefits violates his constitutional right of equal protection. The denial of benefits results from Granados' failure to meet his burden of proving that he was an "employee" under the Act, not from his status as an illegal alien. Likewise, we find no merit in Granados' contention that the deputy commissioner improperly denied him discovery of Windson's corporate records relating to all employment applications made between 1990 and 1995, because those records were irrelevant to Granados' claim for benefits.

Since the Commission reached the correct conclusion in denying benefits to Granados, although it gave the wrong reason, we sustain that conclusion and assign the right ground set forth above. See Harrison & Bates, Inc. v. Featherstone Assoc., 253 Va. 364, 369, 484 S.E.2d 883, 886 (1997); First Sec. Fed. Sav. Bank, Inc. v. McQuilken, 253 Va. 110, 115, 480 S.E.2d 485, 488

9

(1997).  Therefore, we will affirm the Court of Appeals'
judgment.

<u>Affirmed.</u>