In The Matter of The Worker's Compensation Claim of Adrian R. FELIX, An Employee of Brown Enterprises:

Adrian R. Felix, Appellant (Petitioner/Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. 98–174.

Supreme Court of Wyoming.

July 27, 1999.

Donald J. Sullivan of Sullivan Law Offices, P.C., Cheyenne, Wyoming, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney. General. Argument by Mr. Haggerty, for Appellee.

Before LEHMAN, C.J., THOMAS, GOLDEN, TAYLOR,* JJ., and KAUTZ, D.J.

KAUTZ, District Judge.

The Office of Administrative Hearings denied Appellant Adrian R. Felix benefits under Wyoming's workers' compensation law. His appeal presents the issue of whether an alien (a non-U.S. citizen) who is not authorized to work in the United States can be covered by Wyoming's workers' compensation. We hold that an alien who is not authorized to work in the United States is not an "employee" under Wyo. Stat. Ann. § 27–14–102(a)(vii), and is not covered by Wyoming's workers' compensation.

## I. ISSUES

Appellant, Adrian R. Felix, states a single issue for review:

> Whether the hearing officer erred in his application of the rule of *inclusio unius est exclusio alius* [sic] and thereby misinterpreted the Worker's Compensation statute to exclude this worker from coverage.

Appellee, the Wyoming Workers' Safety and Compensation Division, defines the issue to be decided as:

> The Hearing Examiner denied benefits because Felix was not a United States citizen and was not authorized to work by the INS.
>
> A. Was the denial of benefits in accordance with law?

## II. FACTS

The relevant facts in this case are uncomplicated. Brown Enterprises hired Adrian R. Felix to operate a potato "seed cutter" on June 10, 1997. Felix was not a U.S. citizen, and was not authorized to work in the United States by the United States Department of Justice, Immigration and Naturalization Service.

On June 19, 1997, Felix injured his arm while operating the seed cutter. Felix and Brown filed a joint injury report with the Workers' Compensation Division. The Division denied benefits because Felix was not an "employee" as required by Wyo. Stat. Ann. § 27–14–102(a)(vii). Brown objected and requested a hearing on behalf of Felix.

Following a hearing on January 22, 1998, a hearing examiner found that an alien not authorized by the United States government to work in this country cannot be an "employee" covered by Workers' Compensation in Wyoming. Felix appealed the hearing examiner's decision to the district court, and

---

* Retired November 2, 1998.

the matter was certified to us pursuant to W.R.A.P. 12.09(b).

## III. DISCUSSION

### STANDARD OF REVIEW

■ We review a case certified under W.R.A.P. 12.09(b) using appellate standards applicable to a reviewing court of the first instance. *Weaver v. Cost Cutters*, 953 P.2d 851, 854 (Wyo.1998). W.R.A.P. 12.09(b) limits our review to matters specified in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999), which states, in relevant part:

(c) ... The reviewing court shall:

. . . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

■ We give no deference to the hearing examiner's conclusions of law. *Shaffer v. State ex rel., Wyo. Workers' Safety and Compensation Div.*, 960 P.2d 504, 506 (Wyo.1998). Statutory construction or interpretation is a question of law and is reviewed *de novo*. *Chevron U.S.A., Inc. v. State*, 918 P.2d 980, 983 (Wyo.1996).

We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " ...

... "When the Court determines, as a matter of law, that a statute is clear and unambiguous, it must give effect to the plain language of the statute and should not resort to the rules of statutory construction." ... If, on the other hand, the Court determines that a statute is ambiguous, it may use extrinsic aids of statutory interpretation to help it determine the legislature's intent.

*State ex rel., Wyoming Workers' Safety and Compensation Division v. Bruhn*, 951 P.2d 373, 376 (Wyo.1997) (quoting *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994), and quoting

*Lancto v. City of Rawlins*, 892 P.2d 800, 802–03 (Wyo.1995), respectively) (citations omitted).

■ A statute is ambiguous if it is subject to varying interpretations. It is "unambiguous if its wording is such that reasonable persons are able to agree to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 219–20 (Wyo.1991).

### "EMPLOYEE"

Benefits under Wyoming's workers' compensation statutes are available only to workers who meet the statutory definition of "employee." That definition is found in Wyo. Stat. Ann. § 27–14–102(a)(vii) (Michie Cum Supp.1996), which states:

"Employee" means any person engaged in any extrahazardous employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, and includes legally employed minors and **aliens authorized to work by the United States department of justice, immigration and naturalization service.** "Employee" does not include:

[13 specific exclusions are listed, and unauthorized aliens are not included among the exclusions]

(Emphasis added.) The words used in this statute are clear and unambiguous. They clearly indicate that aliens authorized to work in the United States are to be included as "employees" for workers' compensation. The statute does not, however, specify whether aliens not authorized to work in the United States are excluded as "employees." Because the statute does not specifically address the status of aliens who are not authorized to work, "we are left to make what we think is a logical inference of the legislative intent." *Basin Electric Power Cooperative v. Bowen*, 979 P.2d 503, 508 (Wyo.1999) (quoting *State v. Stovall*, 648 P.2d 543, 545 (Wyo.1982)).

■ By applying the following rules of statutory construction, we determine that aliens not authorized to work in the United States are not considered "employees" under Wyoming's workers' compensation statutes

and are not eligible for workers' compensation coverage. In construing a statute we "give effect to every word, clause and sentence and construe all components of a statute in pari materia." *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993). Wyo. Stat. Ann. § 27–14–102(a)(vii) expressly lists "**aliens authorized to work by the United States department of justice, immigration and naturalization service**" as "employees" who may be covered by workers' compensation. This specific phrase is meaningless if all aliens are considered "employees" whether authorized to work in this country or not. If the legislature intended that all employed aliens be covered by workers' compensation it would not have precisely stated that aliens authorized to work here are considered employees. To give effect to all the language in the statute, we conclude that an alien not authorized to work in the United States is not an "employee" under § 27–14–102(a)(vii).

"Generally, a statute that specifically names the persons affected is to be construed as excluding from its effect all those not expressly mentioned." *Flores v. Flores,* 979 P.2d 944, 947 (Wyo.1999). This is an application of the maxim *"expressio unius est exclusio alterius,"* which means "[w]here a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned...." *City of Cheyenne v. Huitt,* 844 P.2d 1102, 1104 (Wyo. 1993). Wyo. Stat. Ann. § 27–14–102(a)(vii) enumerates aliens who are authorized to work as "employees" for workers' compensation purposes. This rule of construction results in the exclusion of the aliens not enumerated in the statute.

Wyo. Stat. Ann. § 27–14–102(a)(vii) also enumerates thirteen work circumstances which do not qualify as an "employee." That list does not include aliens who are not authorized to work by the United States department of justice, immigration and naturalization service. Felix argues that *"expressio unius est exclusio alterius"* requires that unauthorized aliens be included as "employ-

ees" under the statute because they are not in the list of excluded circumstances. Appellant's position ignores the principle that all parts of a statute be construed together, in pari materia. Read as a whole, § 27–14–102(a)(vii) excludes aliens not authorized to work from the definition of "employee" before it lists other exclusions.

■ A third approach to statutory construction is to consider legislative history. *State v. Stovall,* 648 P.2d 543, 546 (Wyo. 1982); *Padilla v. State,* 601 P.2d 189, 192–93 (Wyo.1979). Before 1996, Wyo. Stat. Ann. § 27–14–102(a)(vii) stated that "employee" includes "aliens," without reference to authorization to work. Effective January 1, 1996, the legislature added the phrase "authorized to work by the United States department of justice, immigration and naturalization service." *See* 1995 Wyo. Sess. Laws, ch. 121, §§ 2, 4. Upon adoption of an amendment of a statute "it will be presumed that a change in existing law was intended and the courts will endeavor to give some effect to the amendment." *Stolldorf v. Stolldorf,* 384 P.2d 969, 972 (Wyo.1963). The legislature logically intended to add a requirement that aliens be authorized to work in the United States to be considered "employees" for coverage under Wyoming's workers' compensation laws.

## IV. CONCLUSION

An alien who is not authorized to work by the United States department of justice, immigration and naturalization service cannot be an "employee" under Wyo. Stat. Ann. § 27–14–102(a)(vii). Appellant Felix was an alien and was not properly authorized to work. The hearing examiner properly concluded that Felix was not entitled to workers' compensation benefits. We affirm the hearing examiner's denial of benefits.