COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


TEODOSIA ALVARADO, WIDOW OF JOSE AUCEDA-MATAMOROS,
 LESLIE MELISSA AUCEDA (INFANT) AND
 JANIRA EMILIA AUCEDA (INFANT)
                                    MEMORANDUM OPINION* BY
v.   Record No. 0981-00-4           JUDGE JERE M. H. WILLIS, JR.
                                         JANUARY 9, 2001
MARK KRAJEWSKI,
 EAKIN YOUNGENTOB ASSOCIATES, INC.,
 HARTFORD INSURANCE COMPANY
 OF THE MIDWEST,
 B & T CONTRACTING, INC.,
 NORTHERN INSURANCE COMPANY
 OF NEW YORK AND
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Raul J. Romero, III (Trapeni, Romero &
            Morrison, P.C., on brief), for appellants.

            William J. Minor, Jr., for appellee Mark
            Krajewski.

            Kevin J. O'Connell (O'Connell & O'Connell,
            on brief), for appellees Eakin Youngentob
            Associates, Inc. and Hartford Insurance
            Company of the Midwest.

            William S. Sands, Jr. (Duncan and Hopkins,
            P.C., on brief), for appellees B & T
            Contracting, Inc. and Northern Insurance
            Company of New York.

            No brief or argument for appellee Uninsured
            Employer's Fund.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Teodosia Alvarado, et al., appeal the decision of the Workers' Compensation Commission dismissing their claim for lack of jurisdiction. They argue that the full commission erred as a matter of law by applying retroactively Granados v. Windson Development Corp., 257 Va. 103, 509 S.E.2d 290 (1999), which held that illegal aliens are not "employees" under Code § 65.2-101. For the reasons that follow, we affirm.

## I.  BACKGROUND

On January 14, 1997, while working for Mark Krajewski, Jose Auceda-Matamoros suffered an injury that resulted in his death. A claim for benefits was filed by his widow, Teodosia Alvarado, and their two children seeking death benefits and funeral expenses. Mark Krajewski, the uninsured employer, B & T Contracting, Inc. (B & T) and Eakin Youngentob Associates, Inc. (Eakin), as statutory employers, and the Uninsured Employer's Fund, collectively referred to as the "employer," defended the claim based on the commission's lack of jurisdiction.

Matamoros was an illegal alien when the injury occurred. The employer moved to dismiss the claim, alleging that Matamoros was an illegal alien and, therefore, was not an "employee" under Code § 65.2-101. Citing Granados, the deputy commissioner dismissed the claim for lack of jurisdiction. The full commission affirmed.

-

## II.  ANALYSIS

The claimants contend that the commission erred in applying Granados retroactively.  We disagree.

In Granados, the Supreme Court was asked to decide whether an undocumented alien was an "employee" as defined in Code § 65.2-101.  Granados, 257 Va. at 108, 509 S.E.2d at 290.  The Court noted that under the provisions of the United States Immigration Reform and Control Act (IRCA) of 1986 an undocumented alien could not lawfully contract for hire and, therefore, could not satisfy the definition of "employee" under the Virginia Workers' Compensation Act (Act).  Id. at 108-09, 509 S.E.2d at 290.

The authority relied upon by the Supreme Court in reaching its decision was in place well before the accidents that occurred in either this case or the Granados case.  The IRCA, prohibiting illegal aliens from working in the United States, has been in effect since 1986.  See 8 U.S.C. § 1324(a).  Furthermore, the Act's definition of "employee," to-wit: "[e]very person, including a minor, in the service of another under any contract for hire," was the law in Virginia prior to Matamoros' injury.  Code § 65.2-101.

Granados neither overruled a prior judicial decision nor established a new principle of law.  It construed no new statutory language.  Therefore, it properly controls all subsequent decisions.

-

The claimants argue that Granados does not apply to them, because, unlike the claimant in Granados, Matamoros did not misrepresent his status as an illegal alien and Krajewski made no inquiry as to that status. However, the decision in Granados turned neither on the employee's misrepresentation nor on the employer's inquiry. See Granados, 257 Va. at 108-09, 509 S.E.2d at 293. Rather, the Supreme Court held, "Granados was not eligible to receive compensation benefits as an 'employee' under the Act because his purported contract of hire was void and unenforceable." Id.

The decision of the commission is affirmed.

Affirmed.

-