ANNUNZIATA, Judge,
concurring.
I concur in the majority’s judgment affirming the commission’s denial of benefits to the claimant. I agree that the outcome in this case is, on its face, dictated by the Supreme Court’s decision in Granados v. Windson Dev. Corp., 257 Va. 103, 509 S.E.2d 290 (1999). I write separately only to emphasize that recent legislative action may provide an avenue by *50 which the Supreme Court, if it is so inclined, could re-visit the question presented in this case and award benefits to the claimant, notwithstanding its holding in Granados. For obvious reasons, I do not believe this Court could appropriately take that action.
Last year, in response to the Granados decision, the legislature amended the definition of an “employee” for purposes of the Workers’ Compensation Act. The Code now defines an employee as “[e]very person, including aliens ..., in the service of another under any contract of hire ..., written or implied, whether lawfully or unlawfully employed.... ” Code § 65.2-101. Clearly, by its action, the legislature declared its intent to bring aliens, even those working illegally, under the Workers’ Compensation Act.
The amendment adopted by the legislature making clear the Act’s coverage of illegal aliens, reflects the prevailing view of the law in other states. See 2 Arthur Larson and Lex K. Larson, Larson’s Workers’ Compensation Law § 37.02, at 37-3, D37-3 to D37-4 (2000).[2] It is also consistent with the central purpose of the Immigration Reform Act which seeks to inhibit the employment of undocumented workers by punishing employers rather than employees who violate its dictates, see 8 U.S.C. § 1324a(a)(1), (2); 1324a(e)(4), (e)(5), (f) (2000), and serves the beneficent purpose of the Workers’ Compensation Act as well. Feitig v. Chalkley, 185 Va. 96, 98, 38 S.E.2d 73, 73 (1946) (the purpose of the Act is to protect workers by “plac[ing] upon industry as an expense of the business the pecuniary loss ... attendant upon all accidents to employees *51 within the hazards of the industry”); see also Fauver v. Bell, 192 Va. 518, 521, 65 S.E.2d 575, 577 (1951).
“When amendments are enacted soon after controversies arise ‘as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act...” Boyd v. Commonwealth, 216 Va. 16, 20-21, 215 S.E.2d 915, 918 (1975) (citation omitted). Because Granados was based on the Supreme Court’s interpretation of the statutory definition of an “employee,” under the reasoning of Boyd, the Court could decide that Granados was, in fact, contrary to the legislature’s intent when it originally defined “employee.” Hence, the Court could overrule Granados and award benefits to the claimant in this case.

. All but one of the several jurisdictions outside Virginia that have considered the question have held that a claimant's illegal alien status does not affect or preclude workers’ compensation benefits awards. The holding by the Wyoming Supreme Court in Felix v. State, 986 P.2d 161 (Wyo.1999) is the only exception found. However, it is based on specific statutory language which restricts the term "employee,” and limits its workers’ compensation coverage to " 'aliens authorized to work by the United States department of justice, immigration and naturalization service.’ ” Id. at 163 (quoting Wyo.Stat.Ann. § 27-14-102(a)(vii) (Michie Cum.Supp.1996)).