COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


MARGARITA MENDOZA-GARCIA

                                MEMORANDUM OPINION[*] BY
v.    Record No. 1257-00-4      JUDGE JEAN HARRISON CLEMENTS
                                       MARCH 27, 2001
CHO YEON HWI/BEST CLEANERS AND
 UNINSURED EMPLOYER'S FUND


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Manuel R. Geraldo (Robinson & Geraldo, P.C.,
            on brief), for appellant.

            Paul S. Stahl, Assistant Attorney General
            (Mark L. Earley, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General, on brief), for appellee Uninsured
            Employer's Fund.

            No brief or argument for appellee Cho Yeon
            Hwi/Best Cleaners.


     Margarita Mendoza-Garcia appeals the decision of the Workers'

Compensation Commission dismissing her claim for lack of

jurisdiction.  She contends that the full commission, in

dismissing her claim for benefits based on the decision of the

Supreme Court in Granados v. Windson Development Corp., 257 Va.

103, 509 S.E.2d 290 (1999), erred as a matter of law.  We disagree

and affirm the decision of the commission.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

Mendoza-Garcia was injured while working on January 22, 1999. She concedes that she was an undocumented alien at the time who was not authorized to legally work in the United States. She argues, however, that Granados does not apply to her because she did not misrepresent, and her employer did not inquire about, her immigration status. Furthermore, applying Granados to her claim, she contends, violates public policy and denies her equal protection under the Fourteenth Amendment of the United States Constitution and Article I, Section 11 of the Constitution of Virginia. Finally, she asks us to retroactively apply to her claim the 2000 amendment to Code § 65.2-101 that added "aliens . . . whether lawfully or unlawfully employed" to the definition of "employee."

In Granados, the Supreme Court was asked to decide whether an undocumented alien was an "employee" as defined in Code § 65.2-101. The Court held that, under the provisions of the United States Immigration Reform and Control Act of 1986, an undocumented alien could not lawfully contract for hire and, therefore, could not satisfy the definition of "employee" under the Virginia Workers' Compensation Act. Granados, 257 Va. at 108-09, 509 S.E.2d at 293.

-

Mendoza-Garcia first argues that Granados does not apply to her, because she, unlike the claimant in Granados, did not misrepresent her status as an illegal alien. Furthermore, she adds, her employer, Cho Yeon Hwi/Best Cleaners, unlike the employer in Granados, made no inquiry about her status. However, the decision in Granados turned neither on the employee's misrepresentation nor on the employer's inquiry regarding the employee's status. Rather, the Supreme Court held that "Granados was not eligible to receive compensation benefits as an 'employee' under the [Virginia Workers' Compensation Act] because his purported contract of hire was void and unenforceable." Id.

Mendoza-Garcia next argues that to apply Granados to the facts of her case would only serve to encourage employers to violate federal and state law. Therefore, her argument continues, she should be eligible for benefits on public policy grounds. We must, however, adhere to the holding of the Supreme Court of Virginia in Granados. See Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991) (noting that we are bound by the Supreme Court's decisions and are without authority to overrule them). To the extent that Mendoza-Garcia invites us to decide this case as a matter of public policy, we decline her invitation, recognizing that "public policy . . . considerations belong exclusively in the legislative domain." Infants v. Virginia Hous. Dev. Auth., 221 Va. 659, 671, 272 S.E.2d 649, 656 (1980).

-

Mendoza-Garcia further argues that applying Granados to this case would deny her equal protection under the law. However, the Supreme Court unequivocally rejected this argument in Granados. There, the Court found that the denial of workers' compensation benefits did not violate the claimant's constitutional right of equal protection because "[t]he denial of benefits result[ed] from Granados' failure to meet his burden of proving that he was an 'employee' under the [Virginia Workers' Compensation Act], not from his status as an illegal alien." Granados, 257 Va. at 109, 509 S.E.2d at 293.

Lastly, Mendoza-Garcia urges us to apply the 2000 amendment to Code § 65.2-101 that took effect April 19, 2000, retroactively to her claim. The legislature, she asserts, in including "aliens . . . whether lawfully or unlawfully employed" within the definition of an "employee," expressed its disagreement with the Supreme Court's decision in Granados. Therefore, she continues, to achieve the benevolent purpose of the Workers' Compensation Act, we should apply the amendment retroactively.

Again, though, we are bound by the decision of the Supreme Court in Granados. The Court interpreted in that case the version of Code § 65.2-101 that was applicable to this case. We may not now ignore the Court's interpretation of the applicable law merely because of a subsequent change in the statute. The general rule is that a statute will always be construed as

-

operating prospectively, rather than retrospectively, unless the legislature makes a contrary intent manifest.  Duffy v. Hartstock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948).  That general principle has been given statutory approval in Code § 1-16.  Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 79, 367 S.E.2d 204, 207 (1988).  Here, the legislature specifically made the amendment adding "aliens" to the definition of "employee" in Code § 65.2-101 effective April 19, 2000.  We find nothing in the amended statute to indicate that the legislature intended that the amendment be applied retroactively.  Hence, we will not do so.

Accordingly, we find no error, and the decision of the commission is affirmed.

Affirmed.