COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


NORTON CONCRETE COMPANY, INC.

                                  MEMORANDUM OPINION* BY

v.    Record No. 1645-00-2        JUDGE LARRY G. ELDER
                                     APRIL 17, 2001

MARIO ANTONIO ESCOBAR


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

E. Wayne Powell (Powell & Associates, on
briefs), for appellant.

Gregory O. Harbison (Craig B. Davis;
Geoffrey R. McDonald & Associates, on brief),
for appellee.


Norton Concrete Company, Inc., (employer) appeals from a
decision of the Workers' Compensation Commission awarding benefits
to Mario Escobar (claimant) on his change-in-condition
application.  On appeal, employer contends the commission
erroneously (1) refused to remand to the deputy commissioner for
consideration of a defense based on Granados v. Windson
Development Corp., 257 Va. 103, 509 S.E.2d 290 (1999); (2) refused
to re-open the record to allow it to submit after-discovered
evidence relevant to that defense and a claim of fraud; and (3)
considered claimant's representations on brief as evidence in
ruling on those requests.  We hold that the commission's rulings

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

on these issues did not constitute reversible error, and we affirm the award of benefits.

I.

A.

WAIVER OF GRANADOS STATUS DEFENSE

Commission Rule 3.1 provides that

> [a] request for review [of a deputy's decision by the full commission] should assign as error specific findings of fact and conclusions of law. Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error.

Here, the original attorney for both the employer and its carrier determined not to pursue the Granados status defense at the hearing before the deputy commissioner. Employer had the right to be represented by its own counsel in those proceedings, but it chose to rely on the carrier's counsel, as it conceded on brief in referring to its "former counsel." Therefore, it is bound by all representations and actions of counsel not timely disclaimed. Cf. Hunter v. Commonwealth, 15 Va. App. 717, 427 S.E.2d 197 (1993) (upholding defendant's conviction for willfully failing to appear in part because evidence indicated attorney of record had notice of trial date and "[t]he attorney-client relationship presumes that attorney and client, as servant and master, will communicate about all the important stages" of the proceedings).

-

Furthermore, the record establishes that the commission mailed a copy of the deputy commissioner's January 21, 2000 decision, which addressed only the marketing issue, not only to counsel but also to employer itself. Thus, employer had at least constructive notice of counsel's abandonment of the status defense and the commission's entry of an award, which specifically indicated that a request for review could be filed with the commission within twenty days from the date of receipt of the award. Despite this constructive knowledge, employer did not file its own request for review, and it did not ask the original counsel to withdraw from representing employer until February 24, 2000, which presumably was well after the appeal period had expired.

Finally, when employer retained new counsel separate and apart from that provided by the carrier, it did not request leave to add additional issues to its request for review. Instead, it first asserted the status defense in its written statement. Thus, under Rule 3.1, the commission was entitled to view employer's failure properly to assign error to this issue as "a waiver of [employer's] right to consideration of that [alleged] error." Commission Rule 3.1.

-

Assuming without deciding that the Granados status defense implicates the commission's subject matter jurisdiction,[1] employer nevertheless was required to raise the defense in a procedurally proper fashion.  This entailed presenting both the defense and the evidence to support it at the proper stage of the proceedings.  Although subject matter jurisdiction "cannot be waived or conferred on the court by agreement of the parties," Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990), a party asserting the lack of subject matter jurisdiction as a defense must provide a proper evidentiary record to support his claim, cf. Friedman v. State, 249 N.E.2d 369, 374 (N.Y. 1969) (holding that issues of fact in challenge to subject matter jurisdiction become binding and subject to res judicata once litigated but that where determination "is a mere legal conclusion" not depending on the resolution of any disputed factual issues, "the want of jurisdiction . . . may always be asserted and raised directly or collaterally"); 4 C.J.S. Appeal and Error § 38, at 111-12 (1993) (noting that absence of subject matter jurisdiction may not be waived but that parties "may be estopped to deny the existence of facts on which jurisdiction depends").

---

[1] Nowhere in employer's brief did it use the word "jurisdiction," and its references at oral argument to the claimant's status as being jurisdictional were minimal.

-

Defects in subject matter jurisdiction appearing on the face of the record, therefore, may be challenged and reviewed at any stage of a proceeding, whether at the trial level or on appeal. However, a party wishing to establish a lack of subject matter jurisdiction which is not apparent on the face of the record must submit the evidence establishing that fact at the proper stage of the proceedings. Here, employer was entitled to submit evidence only to the deputy commissioner or, under limited circumstances, to the commission on request for review, as discussed infra in Part I.B. Because employer failed to submit sufficient evidence to support its jurisdictional challenge at the proper stage of the proceedings, its jurisdictional challenge does not bar the contested award.[2]

## B.

### AFTER-DISCOVERED EVIDENCE

The commission also did not err in refusing employer's request to admit various documents as after-discovered evidence.

Commission Rule 3.3 provides:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
> A petition to reopen the record for additional evidence will be favorably acted

---

[2] We do not decide whether employer may be entitled to assert the claim of lack of subject matter jurisdiction, based on Granados, as a defense in any subsequent proceedings involving claimant.

-

upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

Therefore, the party seeking to re-open the record to submit after-discovered evidence must prove that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

Here again, employer did not seek leave to re-open the record to submit after-discovered evidence in its request for review, despite the fact that Rule 3.3 provides such request "may be considered only upon request for review." Once employer retained separate counsel, counsel did not seek leave to expand the request for review and merely included the proffered after-discovered evidence as attachments to employer's written statement.

Further, the record supports the decision of the commission that the documents employer proffered did not qualify as admissible after-discovered evidence because, assuming without deciding that they satisfy the first three prongs of the test, they do not satisfy prong (4). First, proof that claimant

-

falsified his driver's license and identification card was not likely to produce a different result under Granados. Granados specifically rejects the argument that an employer may deny benefits to an injured employee simply because that employee used forged citizenship documents to obtain employment. 257 Va. at 106-08, 509 S.E.2d at 291-92. Under these circumstances, "[an employer] fail[s] to demonstrate the required causal relationship between [the employee's] false representation and his resulting injury." Id. at 108, 509 S.E.2d at 292. In order for an employer to deny benefits under Granados, it must establish that the claimant was an illegal alien who could not be employed lawfully in the United States such that "his purported contract of hire was void and unenforceable." Id. at 108-09, 509 S.E.2d at 293. Thus, it is an employee's status as an illegal alien rather than his actions in falsifying citizenship documents which provides the basis for denying benefits under Granados.

Here, the forgery conviction order employer sought to have admitted, even viewed in conjunction with his employment eligibility verification form and deposition, established at best only that claimant presented falsified documents to establish his citizenship. It did not establish that he was an illegal alien or was otherwise unable to enter into a valid contract for employment when hired by employer in 1995 or when

-

injured in 1997.[3]  Thus, employer was unable to prove admission

of the conviction order was likely to produce a different result

on the merits of the Granados status defense.

Second, admission of the proffered documents was not likely

to produce a different result on the disposition of this claim

because documents failed to establish that claimant fraudulently

induced employer to withdraw its Granados defense.[4]  Fraud

requires proof of "'(1) a false representation, (2) of a

_____

[3] Employer argued in its written statement to the commission
that the conviction order was material because it established
claimant's guilt of crimes of moral turpitude which henceforth
would disqualify him from working in the United States under
federal immigration law.  However, employer did not raise this
argument on brief or in oral argument to this Court, and we
consider it abandoned.  See Tidewater Assoc. of Homebuilders,
Inc. v. City of Virginia Beach, 241 Va. 114, 118 n.2, 400 S.E.2d
523, 525 n.2 (1991).
     Proof that claimant was not authorized to work in the
United States during the period of time for which he sought
partial disability compensation may have served as a valid
defense to claimant's change-in-condition application.  See
Manis Constr. Co. v. Arellano, 13 Va. App. 292, 294, 411 S.E.2d
233, 235 (1991) (holding that partially disabled claimant who is
illegal immigrant is unable, as a matter of law, to market his
residual capacity because any such employment is illegal).
However, this defense, like the Granados status defense, was not
included in employer's request for review, and employer's
written statement to the commission referenced this issue only
in passing.  The commission's majority opinion did not address
this issue, and employer did not assign error to this issue on
appeal to this Court.  Thus, we consider this argument
abandoned, as well.  See Tidewater Assoc. of Homebuilders, 241
Va. at 118 n.2, 400 S.E.2d at 525 n.2.

[4] As set out above in the discussion of Granados, proof that
an employee used fraudulent citizenship documents to obtain
employment is insufficient to permit a denial of workers'
compensation benefits.  Granados, 257 Va. at 106-08, 509 S.E.2d
at 291-92.

-

material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'  The fraud must be proved by clear and convincing evidence."  Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (quoting Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)).

When employer's counsel deposed claimant, claimant implied that he believed he would soon be receiving a work permit, but he admitted he did not then have a green card and was not otherwise authorized to work in the United States at that time. He also admitted that the Department of Motor Vehicles (DMV) had taken the only social security card and driver's license he had and told him it did so because the cards bore an incorrect number.  He said he obtained the number on the cards from an English-speaking Mexican woman who provided volunteer help to the Hispanic community and accompanied claimant to the DMV to fill out the application for him.  Employer did not specifically ask claimant whether he was an illegal alien or was otherwise unable to enter into a valid contract for employment when hired in 1995 or when injured in 1997.

Claimant's workers' compensation attorney represented at the deposition only that claimant had an immigration appeal pending and was legally entitled to remain in the United States pending that appeal; he did not represent that claimant was authorized to work at that time and made no representations

-

regarding claimant's immigration status at the time he was hired or the time he was injured. Although claimant's attorney said he was unable to provide documentation regarding claimant's current status, he indicated that he planned to subpoena claimant's immigration lawyer to testify on that subject.

At the deputy commissioner's hearing, the parties apparently had further discussions regarding claimant's status, but those discussions do not appear in the record. The record indicates only that employer did not assert the Granados status defense at that hearing and that it believed claimant's "immigration status is apparently pending and that he's legal during the pending status."

Employer has failed to establish that any of the representations claimant or his representatives made during the deposition or at the deputy commissioner's hearing were false. Employer had ample opportunity to conduct a more detailed investigation of claimant's status prior to the hearing by deposing claimant's immigration lawyer or subpoenaing records related to the immigration proceedings, but the record contains no indication that it did so. Thus, employer failed to make out even a prima facie case of fraud.

For these reasons, employer failed to prove that admission of the proffered documents was likely to produce a different result. Therefore, we hold the commission did not commit

-

reversible error in refusing to admit the proffered exhibits as after-discovered evidence.

C.

CLAIMANT'S REPRESENTATIONS ON REVIEW AS EVIDENCE

Employer contends lastly that the commission erred in considering as evidence arguments claimant made in his written statement on review.  It also contends that such statements were immaterial because they related to the legality of claimant's remaining in the country pending his immigration appeal rather than to the impact of his immigration status on his ability to contract for employment.  We hold that the commission's reliance on the challenged statements, if error, was harmless and that the commission focused on the material issue in the case.

The commission stated in its opinion that claimant had prepared to challenge employer's Granados status defense by calling as a witness the attorney who was handling claimant's immigration application and petition for asylum.  The commission noted its own records confirmed that this attorney had appeared as a witness for an aborted hearing scheduled for August 10, 1999, but it went on to note that the attorney "appeared for the evidentiary hearing on January 11, 2000, but was not called because the defendants abandoned their illegal immigrant defense."  It indicated that "these representations are uncontradicted and accepted as credible and probative."  It then considered those representations as evidence that "facts

-

concerning [the status defense] [were] known to, but . . . abandoned by, the defendants at that evidentiary hearing."

Assuming without deciding that the commission's reliance on this proffer was error, the commission relied on it only as it related to employer's waiver of the Granados status defense. Contrary to employer's assertion, nothing in the record indicates that the commission relied on it as substantive evidence of claimant's ability to remain in the United States or that the commission improperly focused on claimant's ability to remain in the United States rather than on his status and related ability to work. Because other undisputed evidence in the record established employer's waiver of the status defense, as discussed supra in Part I.A., any error of the commission in relying on claimant's proffer was harmless. See, e.g., Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993).

## II.

For these reasons, we hold the commission did not commit reversible error in refusing to remand to the deputy commissioner for consideration of a Granados status defense; refusing to re-open the record to allow employer to submit after-discovered evidence claimed to be relevant to that defense and a claim of fraud; and considering claimant's representations on brief as

-

evidence in ruling on those requests.  Therefore, we affirm the commission's award.

<u>Affirmed.</u>