COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


PROGRESSIVE DRIVER SERVICES, INC. AND
 ZENITH INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 0031-03-1            PER CURIAM
                                      MAY 6, 2003
JOHN TALLEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Richard D. Lucas; Lucas Law Firm, PLC, on
                briefs), for appellants.

                (Kelli King; Wood & Brooks, on brief), for
                appellee.


        Progressive Driver Services, Inc. and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that (1) it failed to

prove that it relied upon John Talley's misrepresentations in

his employment application in hiring claimant; (2) employer was

required to prove that its reliance on claimant's

misrepresentations on his employment application led to the

injury or that the injury resulted from the misrepresented

condition; and (3) claimant proved he sustained an injury by

accident arising out of and in the course of his employment on

April 10, 2001.  Upon reviewing the record and the parties'

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

I. and II. Misrepresentations on Employment Application

> A false representation made by an employee
> in applying for employment will bar a later
> claim for workers' compensation benefits if
> the employer proves that 1) the employee
> intentionally made a material false
> representation; 2) the employer relied on
> that misrepresentation; 3) the employer's
> reliance resulted in the consequent injury;
> and 4) there is a causal relationship
> between the injury at issue and the
> misrepresentation.

Granados v. Windson Dev. Corp., 257 Va. 103, 106-07, 509 S.E.2d

290, 292 (1999). Employer bore the burden of proving its

defense by a preponderance of the evidence. Unless we can say

as a matter of law that employer's evidence sustained its burden

of proof, the commission's findings are binding and conclusive

upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697,

699, 173 S.E.2d 833, 835 (1970).

In ruling that employer failed to prove that it relied upon

any of the claimant's misrepresentations and that this reliance

resulted in the injury, the commission found as follows:

> The employer presented no evidence that it
> relied upon the misrepresentations in hiring
> [claimant] and that the back injury resulted
> from this reliance.
>
> The employer merely testified that it
> used the health questionnaire as a tool
> during the hiring process. [Helen]
> Schuster[, a supervisor,] did not elaborate

as to which portions or answers would disqualify the claimant from being hired. She never asserted that if the employer had known about [claimant's] previous back condition, or any other circumstance, it would not have hired him. To the contrary, the claimant showed that the employer was made aware of his pulled back muscle while working for Reliable.

The employer has presented no evidence that any misrepresentation led to the injury. The employer has not shown that it would have taken different measures or changed the claimant's duties if it had known about his previous health conditions. There is no evidence that the injury resulted from a prior back problem, a prior hearing condition, or his disqualification from driving during the 1980's.

Based upon the presented evidence, it is speculation that the employer relied upon the claimant's misrepresentations in hiring him and that the injury was causally related to the misrepresentations.

Here, no evidence established that employer relied upon claimant's misrepresentations. Schuster's deposition testimony that the application was a "tool in the hiring process" and provided "an opportunity for further investigation" did not prove that employer relied upon claimant's misrepresentations. Based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proof. Because we find employer failed to prove it relied upon claimant's misrepresentations, we need not address the causation issue.

## III.  Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved he sustained an injury by accident arising out of and in the course of his employment on April 10, 2001, the commission found as follows:

> The Deputy Commissioner concluded that the claimant's description of how his [sic] he was injured on April 10, 2001, was credible and we accept her conclusion in this regard.
>
> We also note that the claimant's description of his injury is supported by the testimony of Messrs. [Otis] Young and [Ron] Lewis.  Both of these gentlemen testified that several of the doors at the Owens Broadway warehouse were very difficult to open.
>
> In addition, we find that the pictures of the warehouse door support the claimant's version of his accident.  These photographs depict a large warehouse door that does not lay properly in its tracks.
>
> Moreover, the claimant's consistency with respect to his description of his accident supports his credibility.  The claimant told Mr. Young and Mr. Lewis on the day of his accident that he hurt his back when trying to lift one of the warehouse doors.  He has also told all of his medical care providers that he injured his back in this manner.

- 4 -

Nor does the testimony of the employer's representative, Ms. Schuster, show any inconsistency with respect to the claimant's description of his injury. According to Ms. Schuster, the claimant told her on the day after his accident that "he was opening the doors to sweep out his truck and felt pain in the lower right-hand side of his back." While Ms. Schuster may have interpreted the "doors" mentioned as being the doors to the claimant's trailer, the claimant explained that he was attempting to lift the warehouse doors to go into the building and sweep out the trailer that he had already delivered.

Claimant's testimony, which was corroborated by his reports to Young and Lewis and the medical histories, constitutes credible evidence to support the commission's findings that claimant strained his back while working and that his back strain was caused by an identifiable incident or sudden precipitating event resulting in a mechanical or structural change in his body. Thus, those findings are binding and conclusive upon us on appeal. Id. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, it is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>